Mcncure, J.
delivered the opinion of the court:
This case resembles, in many of its features, the three cases of the James River and Kanawha Company v. Lee, v. Wortham, and v. Macfarland recently *435 decided by this court. Like them, it was an action of ejectment, brought m the Circuit court of the city of Ilichmond. The declaration was filed at February rules 1860, with proof of service of notice thereof according to law; and thereupon was entered, a rule upon the defendants to appear and plead at the next rules. The defendants were duly served with a copy of this rule; but, instead of making default as in those cases, they appeared at the next rules, to wit: in March, 1860, and pleaded in abatement the pendency of a suit in chancery for the recovery of the same land claimed in this action. At the succeeding rules, to wit: in April, 1860, the plaintiff replied to the plea in abatement, that the land claimed in the suit ivas not the same land' claimed in the action, as alleged in the plea; and issue was thereupon joined. The next term of the court commenced on the 10th of May, 1860. On the 13th of June, 1860, when the cause was first reached by the court in calling its docket, though after the 15th day of the term, the defendants tendered the plea of not guilty, and moved the court to allow the same to be filed; to which motion the plaintiff objected, and the court took time to consider. The parties then, on the same day, waived their right to have a jury for the trial of the issue joined on the plea in abatement, and agreed that the whole matter of law and fact arising upon said issue should be submitted to and decided by the court. At the next term of the court, to wit: in December, 1860, the counsel for the defendants, becoming satisfied that the land sought to be recovered in this action was not the same mentioned in the chancery suit referred to in their plea in abatement, and that their said plea had been filed under a mistake, into which they alleged they had been misled by the vagueness of the description in the declaration, admitted the fact to be so; when the parties submitted the case on the issue on the plea in abatement *436 to the court upon- the fact agreed, that the land in con-x ° 7 troversy in the suit in chancery was not the, same as that controversy in this action; the counsel for the defendants still insisting upon his right to file the plea of not guilty, and the plaintiff objecting to the filing of . . . the same until the issue of fact submitted to the court on the plea in abatement should be decided by the court. On another day, after the cause was submitted on the fact agreed, the court expressed the opinion that it should find for the plaintiff on the issue on the plea in abatement, and that on such finding it would have' to give judgment for the plaintiff for the land in controversy. Thereupon the counsel for the defendants asked leave to withdraw their plea in abatement, and the court, feeling some difficulty upon the point, whether, even if the plea in abatement were then allowed to be withdrawn, the plea of not guilty, which had been tendered by the defendants, could be legally filed, requested of the counsel additional argument upon the point; which was had, and time _ again taken to consider. After-wards, the court, having considered the motion for leave to withdraw the plea in abatement and to file the plea of not guilty, was of opinion, “that after the cause was submitted on the facts agreed on the plea in abatement, it became unnecessary tb decide on allowing the-plea of not guilty to be filed, because if filed it would be proper to try the issue of fact on the plea in abatement before it could try the issue on the plea of not guilty, and if the finding of the issue on the plea in abatement were for the plaintiff, the judgment on that finding would be for the plaintiff for the land in controversy, and hence the plea of not guilty would not be tried. If, on the other hand, the finding were for the defendants, the judgment would be for the defendants, and in like manner, there would be no occasion to try the plea of not guilty. And in respect to the motion to withdraw the plea in *437 abatement after the cause had been submitted to the court on the facts agreed on the plea m abatement, and the court had announced its opinion, it was too late then to change the pleading, the court having no more power to change the issue than it would have if the cause had been tried before a jury, the evidence heard, the jury had retired and returned into court with their verdict, and then the motion was made to withdraw the plea on which the cause was tried and file anotherand therefore the court overruled the motion of the defendants to be allowed to withdraw their plea in abatement, and also their motion to file the plea of not guilty; to which opinion and action of the court the defendants excepted. And the court having given final judgment for the plaintiff for the land in controversy on the issue joined on the plea in abatement, the defendants afterwards applied for and obtained a supersedeas to the judgment.
This court in deciding the three cases before referred to have gone very far towards the decision of this case. It was held in them that an office judgment against the defendant in an action of ejectment cannot become final by mere operation of law, and without the intervention of the court or a jury, but that an order for an enquiry of damages is necessary. So that if in this case no plea in abatement had been filed but an office judgment entered, the defendants’ plea of not guilty, though tendered after the 15th day of the next term, ought to have been received by the court. So also it ought to have been received if the plea in abatement had then or previously been withdrawn. Ought it not to have been received in addition to the plea in abatement? Or had not the defendants a right to waive or withdraw theii plea in abatement, and did they not in effect do so ?
A plea in abatement is admissible in an action of ejectment, notwithstanding the provision in the Oode chapter 135, section 13, which declares, that “the defen *438 ¿ant may demur to the declaration as in personal actions, or plead thereto or do both. But he shall plead the gene-issue only, whieh shall be that the defendant is not unlawfully withholding the premises claimed by the plaintiff in the declaration.” If the law be otherwise, then the plea in abatement filed in this case was a nullity, and when the defendants tendered the plea of not guilty, -which in that view was the only plea authorized by the statute, it ought to have been received. But the Legislature did not intend to exclude pleas in abatement in an action of ejectment, and referred only to matters in bcor of the action in giving the right to “plead the general issue only.” This appears from the whole section, and especially the latter branch of it, which declares that “upon such plea the defendant may give the same matter in evidence and the same proceedings shall be had as upon a plea of not guilty in the present action of ejectment, except as hereinafter provided, and he may also give in evidence any matter which if pleaded in the present writ of right would ben' the action of the plaintiff:” thus showing the legislative intention to dispense with the necessity of special pleas in bar of the action by making the general issue sufficiently comprehensive to answer the purpose. It surely could not have been designed, either to take away all defences in abatement, or to make them available under the general issue, in ejectment.
Conceding then that the plea in abatement was admissible and valid, had not the defendants a right to plead not guilty in addition thereto %
It seems to be well settled, at least as a general rule, that where the defendant pleads in abatement, and the plaintiff demurs to it, and the plea is disallowed by the court, the judgment is not final, but only that the defendant answer over. But if the plaintiff take issue upon the plea, and it be found against the defendant, *439 then final judgment is given against him. 3 Williams’ Saund. 211 note (3); IRob. Pr. old ed. 388-9. The reason assigned for the difference is that every man is presumed to know whether his plea be true or false, and r . . J the judgment ought to be final against him if he pleads a fact which he knows to be false and which is found to be false. Put every man is not presumed to know the matter of law which is left to the judgment of the court on a demurrer. Id. There are some exceptions to the rule, as may be seen by referring to 1 Com. Dig. Abatement 114 b. and 115. If a plea in abate3nent be tried by the certificate of the ordinaiy against the defendant, it shall only be that he answer over. lat. 178. So if the def enda33t pleads infancy, and it is tried by inspection it shall only bo to answer ovei*. 1 Lev. 163. So where an issue of mil teil record on a plea in abatement is found for the plaintiff. 1 John Oas. 397. So on a failure by defendant to produce a record on such issue. Ld. Raym 550. And upon a replication confessing and avoiding any of the facts of the plea, though defendant join issue and it be found against him, the'judgment is only that he answer over. Id. 338. Perhaps a question might well be raised whether this case falls under the general rule or one of the exceptions; but it is unnecessary, and may be conceded for the. present purpose that -it falls under the general rule, and that a judgment for the plaintiff on the issue made up on the plea in abatement, that beirrg the only issue in the case, would be a final judgment for the land .in controversy and not a judgment of respondeat ouster.
. The Code, chapter 171, section 23, declares “ that the defendant in any action may plead as many several matters whether of law or fact as he shall think necessary.” This statute goes farther than the statute 4 and 5. Anne, Ch. 16, is very broad in its terms, and has received a very liberal construction by our courts. See the cases *440 cited in the Code, and 1 Rob. Pr. old ed. 217-8. It is certainly broad enough to embrace a plea of the general issue at the same time with a plea in abatement, and it *s :aot Perceive(l why a defendant may not avail himself of a defence in abatement, which’ may be a meritorious defence and T)ona fide made, though under a mistake of fact, without giving up his defence under the general issue. If this be the true construction of the statute, it applies to an action of ejectment as well as other actions, notwithstanding the provision before referred to limiting the right of the defendant to plead in bar, only the general issue, which does not prevent him from pleading in abatement- also. Of course if he pleads in abatement he must put in the plea at the proper time, and cannot put it in after he has pleaded in bar. And his plea in bar ought also to be put in at the same time with his plea in abatement or in a reasonable time thereafter. If put in at the next term after the issue is made up at rules on the plea in abatement and before the trial thereof, it would be in good time. . Our courts are liberal in allowing defendants to add to their pleas, when justice requires it and -the plaintiff is not thereby subjected to delay; and will do so even though he be subjected to delay, if good cause be shown for-not having made the addition earlier. 1 Rob. Pr. old ed. 231.
•But without deciding this question, let us proceed to consider the other before stated, which is: had not the defendants a right to waive or withdraw their plea in abatement, and did they not in effect do so ?
After pleading in bar, no plea in abatement is admissible, unless it be of something which has-happened since the last continuance, and which makes the suit abateable only and does not ipso facto abate it. I Rob. Pr. 231, old ed. By pleading in bar, all matter in abatement is waived. Id. 164; Payne, &c. v. Grim, 2 Munf. 297. *441 And if the defendants, after having pleaded in abate- ' 0 x . ment, voluntarily plead to the action, without judgment of resjoondeas ouster, it will amount to a waiver of the plea. Burnham v. Webster, 5 Mass. R. 266. See also 1 Com. Dig. Abatement 113. If the defendants in this -.7 .t it ... . it • l case had no right to plead not guilty m adoption to their plea in abatement, then their tender of the general issue was in effect a waiver of their plea in abatement, according to the authorities before referred to. But they went farther than this in making such waiver “Becoming satisfied that the land sought to be recovered, in this suit was not the same mentioned in the chancery suit referred to in their plea in abatement, and that their said plea had been filed under a mistake into which they alleged they had been misled by the vagueness of the description in the plaintiff’s declaration,” they “admitted the fact to be so;” and though the parties submitted the case on the issue on the plea in abatement to the court, upon the admission aforesaid as a fact agreed, yet the defendants still insisted upon their right to’file the plea of not guilty, while the plaintiff objected to the filing of the said plea “until the issue in fact submitted to the court on the plea in abatement had been decided by the court.” After the admission made by the defendants, their plea in abatement was necessarily waived and abandoned, and should have been set aside by the court and the plea of not guilty received. The only conceivable motive for then trying it ivas to. get rid of it and thus open the way for the plea of not guilty. If the defendants had been told by the court when they made the admission, that if the issue upon the plea in abatement were tried thereon final judgment for the plaintiff would have to be given, they would certainly at once have withdrawn their plea, as they might then have done. Accordingly, when the court afterwards expressed the opinion that it would have to *442 give such a judgment, the defendants asked leave to withdraw their plea in abatement, but the court considered the motion then as coming too late. It did not come too late, under the circumstances; and the court ought then to have permitted the plea in abatement to be withdrawn and the plea of not guilty to be filed.
"We are therefore of opinion that the judgment is erroneous and ought to be reversed, and the cause remanded, with instructions to permit the defendalits to withdraw their plea in abatement and plead not guilty, and for further proceedings to a final judgment. ■
Judgment reversed.