Moncure, P.,
delivered the opinion of the court.
After stating the case he proceeded:
There can be no doubt but that the summons by which the action was commenced in this case was illegal and void, and ought to have been quashed, if the facts appeared and the question was properly presented to the circuit court. The action was brought in the circuit court of the city of Williams-burg and the county of James City, and was commenced by the issuing of a summons which bore date on the 16th day of February 1869, before the declaration was filed. There was but one defendant in the action, Edmund A. Saunders, who resided in the city of Richmond. The supposed cause of action, it seems, arose in the county of James City. The summons' was directed to the sheriff of the city of Richmond, to whom it was sent, and by whose deputy it was executed and returned, *with an endorsement thereon showing the time and manner of its execution. It was without any authority of law that this summons was directed to the sheriff of the city of Richmond.
The Code, chapter 165, section 1, provides, that “any action at law or suit in equity, except where it is otherwise specially provided, may be brought in any county or corporation: First, wherein any of- the defendants may reside.” Neither the exception referred to in the said first section, nor the subsequent enumerations appended thereto, apply to this case. Section 2 provides, that “an action may be brought in any county or corporation wherein the cause of action or any part thereof arose, although none of the defendants reside therein.” Chapter 166, section 2, provides, that “process from any court, whether original, mesne, or final, may be directed to the sheriff of any county or sergeant of any corporation, except that process against a defendant (unless a railroad, canal, turnpike, or telegraph company be defendant), to answer to any action brought under the second section of chapter 165, shall not be directed to an officer of any other county or corporation than that wherein the action is brought. ”
Now these are all the provisions of law which apply to this question. This action might have been brought, under section 1 of chapter 165, in the city of Richmond, where the only defendant in the action resided, or, under section- 2 of the same chapter, in the city of Williamsburg and county of James City, wherein the cause of action arose. It was brought in the latter, *464 wherein the cause of action arose. In that case, however, as we have seen, chapter 166, section 2, expressly required that the process should not be directed to an officer of any other county or corporation than that’ *wherein the action was brought. And yet, in plain violation of that law, the summons in this case was issued and directed to the sheriff of the city of Richmond. It was palpably void for illegality; and the only question is, whether the defendant used the proper means to avail himself of such illegality.
He was certainly very prompt in making his defence. On the very day on which the summons was executed upon him, to-wit, the 1st day of March 1869, he made affidavit to a plea in abatement setting out the facts and grounds of his defence, which plea he filed immediately on the filing of the plaintiff’s declaration in the case, which was at .March rules 1869. The plea was, therefore, filed in due time. Was it sufficient in form and substance? It stated that the defendant appeared “in his own proper person,” and craved oyer of the writ, which was read to him, and was set out in haec verba in the plea. It then proceeded: “which being read and heard, he,” &c., as already set out in the statement of the case.
The details of this plea are very minute, and seem to embrace all the facts necessary to.be stated in such a plea under the circumstances. The only objection made to it by the plaintiff is, that it does not aver where the cause of action arose, and therefore does not do what it is contended such a plea must always do, that is, give to the plaintiff a better writ. It does give to the plaintiff a better writ, by showing that the action might have been brought in the city of Richmond. But it is said the action might also have been brought in any county or corporation wherein the cause of action or any part thereof arose, although none of the defendants reside therein, and therefore the plea should show in what county or corporation the cause of action in this case arose. The answer to *this is, that the plaintiff knew where the cause of action arose, and his declaration shows that it arose in the county of James City, wherein the action was actually brought. Surely it could not be necessary to aver that the court in which the action was brought had jurisdiction thereof. The objection was, not that the action was brought in a court not having jurisdiction of it, but that the summons was illegally issued and sent to another county or corporation than that in which the action was brought, and therefore the summons was illegal and void. 'The plea shows that the plaintiff sued the only defendant in the action in a county in-which that defendant did not reside, and had the summons issued and sent for execution to the county or corporation in which he did reside. Now that was an unlawful act, which it was only necessary for the defendant to show in order to be entitled to have the writ quashed. The doctrine about giving the plaintiff a better writ does not apply to such a case. He brought his suit in James City, and instead of suing out his writ to the sheriff of that county, he sued it out to the sheriff of the city of Richmond, without any authority whatever for so doing. If he had, by mistake, brought his action in the wrong county, supposing that the defendant resided there, or that the cause of action arose there, and had sued out his summons to the sheriff of that county, it might have been reasonable and proper to require the defendant in his plea to the jurisdiction to give the plaintiff a better writ by showing not only where the defendant resided, but also where the cause of action arose — and such seems to be the effect of the two cases so much relied upon by the learned counsel who prepared the petition of the plaintiff to the district court for a supersedeas in this case. Those two cases *are Middleton v. Pinnell, 2 Gratt. 202; and Raine v. Rice &c., 2 Pat. & Heath 529. In neither of those actions was any opinion delivered by the appellate court, but in each of them the judgment of the court below was simply affirmed. We cannot therefore know precisely .the ground of the court’s decision in either of them. The supposed ground is, that the plea to the jurisdiction was fatally defective in not showing where the cause of action arose. Admitting that to have been the true ground, as it may have been, and probably was, there was this material difference between those cases and this, that in each of them the writ was issued to the sheriff of the county in which the action was brought, which was certainly proper if the court had jurisdiction of the case, whereas, in this case, it was issued to the sheriff of a corporation in which the action was hot brought, which was certainly not proper, whether the court in which the action was brought had jurisdiction of it or not.
But the rule that “pleas in. abatement must give the plaintiff a better writ,” is by no means a rule of universal extent and application. As to the, nature of it, see what is said in 5 Rob. Prac., p. 104-5, and the cases there cited. In Massachusetts, Wilde, J., observed that the rule is of limited application, and is binding only in cases where misnomer is pleaded, or the defect relied on depends on some fact presumed to be within the peculiar knowledge of the defendant. Guild v. Richardson, 6 Pick. R. 369, 370. Dewey, J., says: “There are many cases where a plea in abatement need not furnish the plaintiff with a better writ; as a plea that no such person exists as the plaintiff, or plea of non-tenure, or plea of disclaimer and the *like. ” Wilson v. Nevers, 20 Pick. R. 23. See 5 Rob. Prac., supra.
But without pursuing this subject any further, we are of opinion that the circuit court erred in sustaining the plaintiff’s demurrer to the defendant’s plea in abatement, and that the district court did not err in reversing the judgment of the circuit court on that ground.
*465 We are also of opinion that the circuit court erred in overruling- the motion of the defendant to dismiss the case from the docket, upon the grounds set out in bill of exceptions No. 1, the purport of which is already set forth in the preliminary statement of the case; the said grounds being also embraced in the plea in abatement aforesaid. We think there are cases of this kind, and that this is one of them, in which a plea in abatement is not necessary, but the court may ex officio, and a fortiori upon motion, abate the writ or the suit. See 1 Rob. Prac., old ed., p. 162, and cases there referred to, especially Garrard &c. v. Henry &c., 6 Rand. 112, 117: Mantz v. Hendley, 2 Hen. & Mun. 308. In 5 Rob. Prac. 95, it is said “the general rule is, that if the defendant would object to the plaintiff's writ he must do it by pleading in abatement. Cooke v. Gibbs, 3 Mass. R. 195. It is indeed sometimes said that if the writ be bad and insufficient on its face, the court may ex officio quash it. S. C. 196; Mantz v. Hendley, 2 Hen. & Mun. 308.” It does not appear that the provision in the Code of 1849, ch. 171, § 18, referred to in 5 Rob. Prac. 101, was intended to prevent a court from quashing a writ ih any case whatever without a plea in abatement. After providing in g 17 that ‘ ‘no plea in abatement for a misnomer shall be allowed in any action,” g 18 ^provides that, “in other cases, a defendant, on whom the process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless the same be pleaded in abatement.” This section does not seem to cover a case like this, in which the writ is not merely defective, but absolutely void, and in which therefore it may be quashed, not only on plea in abatement, but also on mere motion, or by the court ex officio. But in this case the question seems not to be material, as the objection was taken not only by motion, but also by plea in abatement.
The court is therefore of opinion that there is no error in the judgment of the district court, except that instead of remanding the cause to the said circuit court of the city of Williamsburg and county of James City, witth instructions to direct that the said plaintiff join issue in fact on said plea, the said district court ought to have quashed the plaintiff’s writ. But the said judgment may be amended in that respect, and as amended affirmed.
The judgment of the district court is therefore amended and affirmed accordingly, and it is considered that the defendant recover against the plaintiff his costs by him about his defence in this court expended.
Judgment amended and affirmed.
PLEAS IN ABATEHENT.
X. Nature of the Plea.
II.Kinds of Pleas in Abatement.
a. Plea to the Jurisdiction of the Court.
b. Another Suit Pending-.
c. Plea in Suspension of the Action.
d. Plea in Abatement for Disability of the Person to Sue or Be Sued.
e. Plea in Abatement for Matter Apparent on the Pace of the Writ and Declaration.
f. Plea in Abatement for Non-Joinder of Co-Contractors.
g. Plea in Abatement for Misnomer of Plaintiff or Defendant.
h. Variance between the Writ and Declaration.
III. Time of Piling Plea.
IV. Form of the Plea.
V. Pleas in Abatement in Criminal Cases.
I. NATURE OP THE PLEA.
A plea in abatement is a dilatory plea, being such as do not affect to answer the action upon its merits, but to defeat it in the shape in which it is brought. 4 Min. Inst. (2d Ed.) 673.
II. KINDS OF PLEAS IN ABATEITENT.
a. Pleas to the Jurisdiction of the Court. —A plea to the jurisdiction is one by which the defendant denies the jurisdiction of the court to entertain the action, and occurs when a party is sued in one county or corporation when the action should have been brought in another. 4 Min. Inst. (2d Ed.) 674.
Plea to the Jurisdiction Must Show Where Defendants Reside. — A plea in abatement of the court, on the ground that the defendants do not reside in the county where the action was brought, nor did the cause of action arise there, must not only show where the defendants do reside, but where the cause of action arose. Raine v. Rice, 2 Pat. & Heath 529. Por form of a plea to the jurisdiction, see 4 Min. Inst. (2d Ed.) 675.
A plea in abatement to the jurisdiction of the court, on the ground that the defendant did not reside in the connty in which the action was brought, nor did the cause of action arise there, must state where the defendant does reside; and where the cause of action did arise. Middleton v. Pinnell, 2 Gratt. 202.
A plea to the jurisdiction ought to show where the suit ought to be brought. Barton’s Law Prac. (2d Ed.) 289.
When Too Late. — Itis too late, after issue joined, to object to the court’s jurisdiction, on the ground of non-residence of the defendant. Monroe v. Redman, 2 Munf. 240.
Same — West Virginia. — A plea in abatement to the jurisdiction of the court cannot be filed after a conditional judgment or decree nisi. Simpson v. Edmiston, 23 W. Va. 675, citing and following Carey v. Burruss, 20 W. Va. 571; Delaplain v. Armstrong, 21 W. Va. 211.
b. Another Suit Pending. — That another suit is pending for the same matter between the same parties, and in a court of the same state, is ground for a plea in abatement; such a defence can only be tahen advantage of by plea in abatement. Barton’s Law Prac. (2d Ed.) 290.
- Necessary Averment. — A plea in abatement of a former action must aver the pendency of the action at the time of filing the plea. Archer v. Ward, 9 Gratt. 622.
c. Plea in Suspension of the Action. — This plea is in the nature of a plea in abatement. Mr. Minor says that the only instance of such a plea in Virginia today, is where the plaintiff, since the contract, has become an alien enemy. This fact disables him from suing during the pendency of hostilities, and is *466 therefore a proper subject for the plea for a“suspension of the action. 4 Min. Inst. (2d 33d.) 675.
d. Plea in Abatement for Disability of the Person to Sue or Be Sued. — In Virginia coverture alone is ground for such a plea. For form of plea, see 4 Min. Inst. (2d Ed.) 677.
e. Plea in Abatement for Hatter Apparent on the Face of the Writ and Declaration. — Mr. Minor gives, “Re-pugnancy, want of sufficient time, or too great time between the teste of the writ and the return day thereof; as for instance, that the writ is not returnable within ninety days from its date” as instances when such a plea is proper. 4 Min. Inst. (2d Ed.) 678.
f. Plea in Abatement for Non-Joinder of Co-Contractors. — Every plea in abatement, for non-joinder of a co-defendant must state that such other defendant resides in the state, and must state his place of residencewith convenient certainty. Code, §3261. See generally, 4 Min. Inst. (2d Ed.) 679; for form, Id. 682.
If one of several joint contractors be omitted as defendant, advantage of the omission can be taken only by plea in abatement. Prunty v. Mitchell & Cobbs, 76 Va. 169.
In assumpsit against one defendant, the plea being non-assumpsit, and it appearing during trial, that with him as partner, another was interested in the contract sued on, and that plaintiff knew it before suit, the jury were instructed that if from the evidence they believed those facts, they must find for defendant. Held, error, as non-joinder in assump-sit, as well as in debt and covenant, can only be taken advantage of by plea in abatement, save when it appears on the face of the declaration. Prunty v. Mitchell, 76 Va. 169.
g. Plea in Abatement for Misnomer of Plaintiff or Defendant. — in Virginia, now, by statute no plea in abatement for this cause is allowed in any action; but instead of it, the declaration on defendant’s motion, and on affidavit of the proper name, is amended by asserting the i ight name. Code, § 3258.
h. Variance between the Writ and Declaration. — For form, see 4 Min. Inst. (2d Ed.) 677. By statute in Virginia the only means of taking advantage of such a variance is by plea in abatement. Code, § 3259.
If the plaintiff be permitted to amend his declaration, by consent of parties, after issue joined on a plea to the action, the defendant ought not to be permitted to plead in abatement any variance between the amended declaration and the writ, which equally existed between the writ and the original declaration. Moss v. Stipp, 3 Munf. 159.
After the court of appeals has passed upon a case, and remanded the cause for anew trial upon the general issue, a demurrer to the declaration or a plea in abatement upon the grounds that the Christian names' of the respective parties are not mentioned therein, ought not to be received. Lanier v. Cocke, 6 Munf. 580.
When Defendant Waives Defects in Writ. — By appearing and pleading to the action, or by taking or consenting to a continuance, the defendant waives all defects in the process and the service thereof. Harvey v. Skipwith, 16 Gratt. 410, cited and followed in A. & D. R. R. Co. v. Peake, 87 Va. 130, 140, 12 S. E. Rep. 348.
Ejectment. — A plea in abatement is admissible in an action of ejectment. James River, etc., Co. v. Robinson, 16 Gratt. 434. A defendant may waive his plea in abatement and plead in bar. James River, etc., Co. v. Robinson, 16 Gratt. 434.
III. TIME OF FILING PLEA.
General Rule. — The general rule is that all pleas in abatement must be filed before an office judgment. A plea to the jurisdiction must be filed at the same rules the declaration is filed. 4 Min. Inst. (2d Ed.) 673.
After Issue Joined. — After issue joined on a plea to the action, it is too late to move the court to dismiss the suit on the ground of a defect in the writ, or for leave to file a plea in abatement. Payne v. Grim, 2 Munf. 297.
Cannot Set Aside Office Judgment — Puis Darrein Continuance. — a plea in abatement ought not to be received to set aside an office judgment, unless it be a matter which arose puis darrein continuance. Bradley v. Welch, 1 Munf. 284; Hunt v. Wilkinson, 2 Call 49.
Must Be Put in before Defendant’s Plea in Bar. — A plea in abatement to the jurisdiction of the court must be put in before the defendant’s plea in bar. Washington, etc., Co. v. Hobson, 15 Gratt. 122.
IV. FORH OF THE PLEA.
“Plea No. l was a plea to the jurisdiction of the court. The plea is bad, and was properly stricken out by the court It has not the proper conclusion of a dilatory plea, in that it omits the prayer for judgment. 1 Chit. Pl. 451; 4 Min. Inst. 626, 1022; and 5 Rob. Prac. 23. It fails to state that the canse of action did not arise in Lynchburg; nor does it state where it did arise 5 Rob. Prac. 23; Middleton v. Pinnell, 2 Gratt. 202; and Raine v. Rice, 2 P. & H. 529. It fails to give the plaintiff a better writ by showing what court of the state has jurisdiction of the cause of action. 5 Rob. Prac. 23; and Hortons v. Townes, 6 Leigh 58.” Guarantee Co. v. National Bank, 95 Va. 486, 28 S. E. Rep. 900.
Not Regarded with Favour. — “Dilatory pleas are not regarded with favour, and in order to discourage their use, are required to be drawn with the greatest accuracy and precision.” The court in Guarantee Co. v. National Bank, 95 Va. 480, 486, 28 S. E. Rep. 909, citing 1 Chit. on Plead. 445; 4 Min. Inst. 1036; Hortons v. Townes, 6 Leigh 58.
Strictness Required of Plea. — The utmost strictness is required in pleas in abatement; and a general demurrer to such a plea has all the effect of a special one. Plea in abatement to jurisdiction held naught, (1) because pleaded by attorney, not in person, (2) because concluded with prayer quod billa cassetur, instead of si curia coonoscere velit and (3) because it did not give plaintiffs a better writ. Hortons v. Townes, 6 Leigh 47.
“The rule that‘pleas in abatement must give the plaintiff a better writ,’ is by no means a rule of universal extent and application.” The court in Warren v. Saunders, 27 Gratt. 259, 267.
Instance. — w sues S in assumpsit in the county of J, and sends the process to the city of R, where S resides, and it is served upon S by the sheriff of R. S files a plea in abatement stating these facts, but does not say where the cause of action arose. Held, the plea is sufficient in this case, though it does not give the plaintiff a better writ. Warren v. Saunders, 27 Gratt. 259.
Must Be Verified by Affidavit. — All pleas in abatement must be verified by affidavit. Va. Code, § 3278. But it is sufficient if the affiant swears that he believes the plea to be true. Barton’s Law Prac. (2d Ed.) 289.
How Plea Ought to Conclude. — A plea in abatement to an attachment ought not to conclude with pray- *467 ing1 judgment if the plaintiff ought to have and maintain his attachment and action, but only that the attachment be quashed. The plea that the defendant never absconded, is a plea in abatement. Mantz v. Hendley, 2 H. & M. 308.
Should Not Be Guilty of Duplicity. — A plea in abatement that sets out two distinct and sufficient defenses either of which if true, would have necessitated a finding on the issue in favour of the defendant, is bad, for duplicity. Guarantee Co. v. First Nat. Bank, 95 Va. 480.
Instances. — Administratrix, with the will annexed, must be sued in that character ; and, if sued as administratrix only, without the addition of the words, with the will annexed, she may plead in abatement. Hunt v. Wilkinson, 2 Call 50.
A scire facias against the heir upon a judgment recovered against the ancestor, need not aver proceedings against the personal representative, without effect. But if no such proceedings have been had against the personal representative, the heir must set up such defense by plea, in the nature of a plea in abatement. Rogers v. Denham’s Heirs, 2 Gratt. 200.
A joint plea in abatement by two defendants, which is bad as to one, is necessarily bad as to the other. Simpson v. Edmiston, 23 W. Va. 675.
V. PLEAS IN ABATEMENT IN CRIHINAL CASES.
Prisoner Should Plead in Person. —A prisoner indicted for felony should be present in court, and should plead in person, and the record should show that fact. State v. Allen, 45 W. Va. 65, 30 S. E. Rep. 209.
How Issue Joined on Plea Should Be Tried. —Upon an indictment for a felony, the prisoner pleads in abatement that one of the grand jurors who found the indictment against him, was at the time a sur veyor of a highway; and the attorney for the commonwealth takes issue upon the plea. The issue should be tried by a jury. Day v. Commonwealth, 2 Gratt. 562.
Time of Filing Plea. — After a prisoner has been tried by an examining court and remanded for further trial before the circuit court, and an indictment has been found against him, it is too late to plead in abatement that, or move to quash the indictment because, there -were irregularities in his examination before the committing magistrate. Clore’s Case, 8 Gratt. 606.
Alter a verdict against a prisoner, he cannot move in arrest ol judgment, that he was not examined for the felony, of which he was indicted. The objection comes too late. Angel v. Commonwealth. 2 Va. Cas. 231.
After a verdict convicting a prisoner of a felony, a plea in arrest of judgment, that he has not been examined for the offense by a court of competent jurisdiction (alleging that the corporation court, by which he was examined, has no criminal jurisdiction), ought to be overruled ; because the said plea suggests matter making no part of the record, but matter which, if true, is proper for a plea in abatement, or for a motion to quash the indictment. Commonwealth v. Cohen, 2 Va. Cas. 158.
In a suit for freedom there is a special verdict which finds that the defendant took possession of the plaintiff in the county of Prince Georges, Maryland, and has since retained her in his possession down to the institution of this suit; but it does not state that the plaintiff was detained as a slave in the county where the suit was brought. Though detention of the plain tiff where the suit is brought is neces* sary to give the court jurisdiction, yet as the court has general jurisdiction over the subject-matter of controversy, the objection to the exercise of jurisdiction in the particular case, for this cause, is mat ter in abatement of the proceeding, and should t>e pleaded, or brought to the notice of the court by rule or motion before the jury is sworn in the cause. Hunter v. Humphreys, 14 Gratt. 287.
The refusal of the examining court to grant the prisoner a continuance of the case, is no ground for arresting judgment in the circuit court; but, if available there at all, it should be taken advantage of by plea in abatement or motion to quash the indictment. Morris v. Commonwealth, 9 Leigh 636.
Prosecutor'.*; Name Need Not Appear In Felony Case.— Code 1887, § 3991, does not require name of prosecutor to be written at foot of indictment for felony, but only for misdemeanor. Thompson v. Commonwealth, 88 Va. 45.
Same — Hisdemeanor.—in an indictment ior a trespass or misdemeanor, it is not necessary to insert the name or surname of a prosecutor at the foot of the indictment, if it appears that the indictment was found true on the evidence of a witness sent to the grand jury, either at their own request, or by direction of the court, and this whether there was a previous presentment or not. Wortham v. Commonwealth. 5 Rand. 669.
The omission to write the title or profession of the prosecutor at the foot of an information or indictment, is no ground of exception, either by ihbtion 1o quash or plea in abatement. Commonwealth v. Dever, 10 Leigh 685.
Names of Witnesses Need Not Appear on Indictment. - The omission by the grand jury to write the name of the witness on whose testimony an indictment is found, at the foot thereof, is no ground Cor quashing the indictment. Commonwealth v. Williams, 5 Gratt. 702.
Two Pleas Admissible to Same Indictment. — A plea in abatement, that one of the grand jury is the owner of a mill, is good. Two pleas in abatement to the same presentment are admissible. Commonwealth v. Long, 2 Va. Cas. 318.
Autrefois' -What Plea flust Show. — A plea of autre-fois acquit, which does not set forth the court, nor the time, nor other circumstances of the trial or acquittal, nor vouch the record, nor show it, if of another court, should be rejected on motion. The attorney ought not to be required, either to plead or demur to it. Wortham v. Commonwealth, 5 Rand. 669. See monographic note, “Autrefois, Acquit and Convict." 26 Gratt. 951.
Should Be Verified by Oath. — pleas in abatement, offered in prosecution for misdemeanor, ought to be verified by oath or affirmation. Commonwealth v. Sayers, 8 Leigh 722.
Plea in Abatement Waived by Pleading General Issue. —“By pleading the general issue alone, a defendant has always been understood to waive the right to interpose afterwards a plea in abatement. The settled doctrine, however, is that the judge may permit a pleading to be withdrawn, and another one to be substituted, whenever by so doing he does not violate any positive rule of law or of established practice. But such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense. 1 Bish. Crim. Proc. (2d Ed.) sec. 121.” The court in Early v. Commonwealth, 86 Va. 924.
*468 Plea to the Jurisdiction Should Always Be Considered. —On the 24th of June 1867 P. was committed by a justice of the peace for examination, upon a charge of murder. The examining court commenced on the .2nd of July, and sent him on for trial before the circuit court of the county. At the October term 1867 of-tjie circuit court, he was indicted for murder, and .w;hfeb;heiwas arraigned he tendered a plea to the jurisdiction of the circuit court. The court had jurisdiction to try the prisoner. Though the plea ■rendered by the prisoner was informal and properly rejected by the court, yet the objection to the jurisdiction being a mere question of law,however made whether by suggestion or motion ore terms, should be considered and decided by the court. Philips v. Commonwealth, 19 Gratt. 485.
. Instance. — A plea in abatement of an indictment for a trespass, or misdemeanor, alleging that the prosecutor is not a labourer, but a husbandman, is bad on demurrer. Haught v. Commonwealth, 2 Va. Cas. 3.
Upon a presentment for gaming, defendant pleads in abatement, that the clerk de facto, who administered the oath to the grand jury that made the presentment, was not clerk de jure, at the time. Held, the plea is naught. Hord v. Commonwealth, 4 Leigh 674.
Plea in abatement will not lie to an indictment, for that the court, if a sufficient number of jurors summoned are not in attendance, causes the required number to be returned from the county at large. Nor for thaC'two'.Qjrimore of the grand jury which found the indictment,'Had' served on another grand jury at the same term. How they voted (on the indictment as members of the first grand jury, could not properly be inquired into. Npr for that the sheriff or his deputy were in the grand jury’s room, when they .were deliberating and examining witnesses, upon whose testimony the indictment was found. Richardson v. Commonwealth, 76 Va. 1007.
Á plea in abatement to an indictment which avers that the prosecuting attorney, of his own motion, ’without authority of law, went into the room where the grand’-jury were sitting, and, in the presence of the grand jury, examined certain named witnesses, upon whose testimony the indictment was found, ‘and talked in the presence of the grand jury about the said testimony of said witnesses, and thus 'unlawfully conspired against the defendant to have and procure the grand jury to find the indictment, does not present cause for abating the indictment, and was properly rejected. State v. Baker, 33 W. Va. 319, 10 S. E. Rep. 639.