# WHEELING.

## DELAPLAIN & CO. v. ARMSTRONG & ULRICH.

Submitted June 8, 1882—Decided December 16, 1882.

1. The remedy by attachment, being authorized alone by statute and in derogation of the common law, and, moreover, being summary in its effects and liable to be abused and used oppressively, its application will be carefully guarded by the courts and it will be confined strictly within the limits prescribed by the statute. (p. 213.)

2. The grounds for the attachment are the conclusions of the law. The "material facts," which the statute requires the affiant to state, are the allegations from which the court may be properly authorized to conclude that the grounds exist. Consequently an affidavit which states that the debtor did an act or acts, which of themselves are not necessarily fraudulent, with an intent to defraud his creditors, without more is not sufficient. (p. 214.)

3. An affidavit in which the material facts, stated therein, were held insufficient to sustain the grounds of the attachment. (p. 215.)

4. If a defendant desires to avail himself of the provision of the statute—section 21 of chapter 125 of the Code—which permits a plea in abatement and in bar at the same time, he must file his pleas at rules before his right to plead in abatement is lost, and he cannot plead in abatement, under said statute or the general law, after he has pleaded in bar or after the office judgment has been confirmed. (p. 217.)

21 | 211
36 | 33
36 | 790

21 | 211
37 | 850

21 | 211
38 | 704

21 | 211
39 | 401

21 | 211
42 | 531

21 | 211
f47 | 711

21 | 211
f48 | 98
48 | 682

21 | 211
f50 | 677

21 | 211
58 | 271

Writ of error to the judgment of the circuit court of the county of Ohio, rendered on the 5th day of May, 1881, in an action in said court then pending, wherein Delaplain & Co. were plaintiffs and Armstrong & Ulrich were defendants, allowed upon the petition of said plaintiffs.

Hon. T. Melvin, judge of the first judicial circuit, rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

*Ewing, Melvin & Riley* for plaintiffs in error cited 16 Ohio 307, 581; 11 Wall. 581 and 5 W. Va. 22.

*H. M. Russel* and *W. P. Hubbard* for defendants in error cited the following authorities: 10 W. Va. 130; Drake Attach. § 110; Code ch. 125 § 16; Code ch. 125 § 46; 4 Min. Inst. ¶ II. pp. 1054, 1058; 1 R. C. Va. p. 508 § 77; Code of Va. (1860) p. 711 § 23; 15 W. Va. 290; 4 Rand. 189; 4 Conn. 424; 44 Conn. 133; 13 N. H. 79; 19 N. H. 113; 8 Kans. 228; 19 Kan. 558; 1 & 2 Pen. (N. J.) 661; 3 Sterv. (Ala.) 146; 16 Wis. 52; 41 Mo. 400; 24 Mo. 590; 26 Ga. 140; 28 Ga. 494; *Id.* 531; 41 Ga. 202; 2 Greenl. Ev. § 26; 8 Conn. 71; 3 Wend. 258; 9 N. H. 545; 7 Vt. 124.

SNYDER, JUDGE, announced the opinion of the Court:

This was an action of assumpsit brought in the circuit court of Ohio county, in which judgment was rendered for the plaintiffs for three thousand two hundred and twenty-five dollars and sixteen cents and costs. The writ of error is to an order of said court quashing the plaintiffs' attachment, issued in said action against the estate of the defendants, upon the ground that the affidavit on which the attachment was founded is insufficient. The making of said order is the only error assigned by the plaintiffs' in error in this Court.

The said affidavit, after formally stating the amount, nature and justice of the plaintiffs' claim, proceeds as follows: (1)— "That the defendants are removing and are about to remove a part of their property out of the State with intent to defraud their creditors; (2) and are converting their property into money and securities with intent to defraud their

creditors; (3) and have assigned and disposed of a part of their property with intent to defraud their creditors; (4) and have fraudulently contracted the debt on which this suit was brought; and that the material facts, upon which the said plaintiffs rely to show the existence of the grounds, upon which this application for an attachment in this action is based, are as follows: Defendants are shipping staves and railroad ties out of this State, disposing of them without applying the proceeds of sale on this debt as promised by them, and have wilfully and falsely misrepresented the financial condition of their firm in order to obtain this credit. One of the defendants, Wm. Armstrong, has since given a deed of trust on his real estate with intent to delay and defraud their creditors. The other defendant has declared his intention to leave this State to reside in another State. They neglect and refuse to make any arrangement by which the plaintiffs and other creditors will be secured, and are selling and disposing of their property without paying any part of this debt."

The remedy by attachment is in derogation of the common law and exists only by virtue of the statute, and being summary in its effects and liable to be abused and used oppressively, its application must be carefully guarded and confined strictly within the limits prescribed by the statute. An order of attachment is an execution by anticipation. It empowers the officer to seize and hold the estate of the alleged debtor for the satisfaction of a claim or demand to be established in the future and for which a judgment may never be obtained. The claim may be entirely unfounded, and even, when the demand is just the order may issue and be levied before it has become due and payable. The proceeding is to some extent the reverse of the ordinary course of judicial proceedings. The latter subjects the demand of the plaintiff to judicial investigation and permits the seizure of the debtor's property only after judgment obtained, while the former commences with the seizure of the debtor's property and afterwards subjects the plaintiffs' claim to such investigation. The statute has therefore, for the protection of the debtor, carefully defined the grounds which shall authorize a creditor to resort to this harsh remedy. It has not only done

so, but it has expressly provided, that the plaintiff shall, in addition to stating the grounds of his attachment, "state in his affidavit, the material facts relied on by him to show the existence of the grounds upon which his application for the attachment is based"—chapter 106, section 1 Code p. 554. The grounds of the attachment may be stated on the belief of the affiant, but the material facts relied on must be stated positively. Even in stating the grounds if the affiant states that he *thinks* instead of that he *believes* the affidavit will be insufficient—*Rittenhouse* v. *Harman*, 7 W. Va. 380.

The manifest object of the statute in requiring the material facts to be stated, is to guard the property of the debtor against improper seizure and to enable the court to judge and determine whether the information, thus supplied by the affidavit, furnishes reasonable proof of the main fact involved —the fraudulent intent of the debtor. If the evidence of this fact does not sufficiently appear from the "material facts" averred in the affidavit, the same must be regarded as insufficient. *Capehart* v. *Dowery*, 10 W. Va. 130. The grounds. of the attachment are the conclusion of the law. The "material facts" are the allegations, from which the court must be authorized to reach the legal conclusion, that the grounds exist. It is the conclusion of the court and not of the affiant, that the statute requires. A simple affidavit of the motive, without specifying the overt indications which disclose such motive, does not establish the existence of the motive within the meaning of the statute. The only mode by which the motive or intent of the debtor can be ascertained by human intelligence is from his declarations and acts. The declarations and acts of the debtor, then, which disclose the motives and intent, which alone authorizes the attachment, must be specified in the affidavit to establish the right to issue it. A simple affidavit that a man had a particular motive, feeling or intent, without any more, is no evidence in court, it proves nothing, is incompetent and will be rejected. The only mode permitted by the law to look into the window of the heart and ascertain its feelings, motives and intentions, is through overt acts, declarations and conduct, which manifest the existence of the motive or intent. There would be no safety or propriety in any other rule

because there can be no other mode of determining the exist-ence of the motive or intent.   An affidavit that a debtor did an act which, of itself, was no proof of the intent assigned, without stating declarations or acts which disclose it, does not establish the intent.   "Affirming that a party has left the State with intent to defraud his creditors may be predicated upon matters of opinion or belief, rather than upon fact. The affirmant may honestly believe and thus affirm it in general terms; whereas, if called to state the facts and circumstances upon which he reached the conclusion, the officer, being thus enabled to exercise his judgment in the matter, might well differ from him."  *Ex Parte Robinson*, 21 Wend. 672; *Smith* v. *Luce*, 14 Wend. 237.

Let us apply these rules to the "material facts" stated in the affidavit before us.   The *first* is that, "defendants are shipping staves and railroad ties out of this State, disposing of them without applying the proceeds of sale on this debt as promised by them."   This statement amounts to an averment that the defendants have not paid the plaintiffs' debt as they promised to do.   This is quite a common complaint.   But it is certainly not of the character which authorizes an attachment.   The fact that the defendants are shipping staves and ties out of the State and disposing of them does not show a fraudulent intent.   The selling of staves and ties may, for all that appears, be the business in which the defendants are engaged; and if they can obtain a better price by shipping and selling them outside of the State than in it, this act is evidence of an honest rather than a fraudulent intent.   It is not alleged that the act is contrary to the proper conduct of their business or that it is not usual for them to market their staves and ties outside of the State.   Nor is it alleged that the money derived from such sales is not properly applied to the payment of other debts as pressing and just as the debt of the plaintiffs.

The *second* is that the defendants "have willfully and falsely misrepresented the financial condition of their firm in order to obtain this credit."   This averment does not inform us by what means or devices, if any, the defendants made false representations.   The averment is a mere conclusion from facts not stated or that may not exist.   Assuming, how-

ever, that the averment contains a sufficient allegation of a fraudulent intent, it fails to aver that the representation was in fact relied on by the plaintiffs and the credit given or extended by reason of said misrepresentation. The plaintiffs may have known it was false when made and given the credit for other reasons satisfactory to themselves, and not because of the alleged misrepresentation.

The *third* is that, "one of the defendants, Wm. Armstrong, has since given a deed of trust on his real estate with intent to delay and defraud their creditors." In an action against two joint debtors, if the affidavit is insufficint as to one of them it will not authorize an attachment against the property of both. *Hamilton* v. *Knight*, 1 Blackf. 25. A deed of trust may be given without a fraudulent intent; and, as we have seen, the statement that the intent was fraudulent without more, is a mere repetition of the fact to be proved in the same words and proves nothing.

The *fourth* is that, "the other defendant has declared his intention to leave this State and reside in another State." There is certainly no fraud in this nor does it at all, warrant an inference of a fraudulent intent. It is neither unusual nor illegal for a person to leave this State and reside in another State.

The *fifth* is that, "they neglect and refuse to make any arrangement by which plaintiffs and other creditors will be secured." It does not appear from this that either the plaintiffs or any other creditors ever demanded any security for their debts, or that the defendants had the means or ability to give such security. Unless the defendants had the means or ability to secure the plaintiffs and other creditors, no fraudulent intent can be presumed from their refusal or neglect to do so.

The *sixth* and last is, that the defendants "are selling and disposing of their property without paying any part of this debt." For all that appears in this statement defendants may have been paying other just debts with the proceeds of the property sold or otherwise using them in good faith and for honest purposes.

Taking these "material facts," collectively or distributively, they do not establish all or any one of the grounds

relied on for the issuing of the attachment.    The affidavit should disclose the fraudulent intent.    And this being a matter which can be shown only by declarations, acts or conduct, unless the affidavit sets forth the declarations, acts or conduct of the defendants, it furnishes evidence of nothing to any one except the affiant.    And if he were the only person to be satisfied of the fraudulent intent, the affidavit would be an idle form.    He is satisfied in his own mind, if he is honest, before he offers to make the affidavit.    The purpose of the affidavit is not to satisfy the plaintiff or the affiant, but the court, and the court can only be satisfied when the facts stated justify it in concluding therefrom that the fraudulent intent existed.    The requirement that the affiant shall state the " material facts " is intended to protect the debtor against the abuse of the law permitting attachments.    If the mere conclusions of the affiant are held to be sufficient, then, the debtor has no protection against either the suspicious or the dishonest creditor.    On such an affidavit there is no mode of convicting either of perjury.    Because it is impossible to determine whether the facts in the mind of the affiant were sufficient, if true, to justify his conclusions, or whether in fact he believed the conclusions or not; and further it is impossible to disprove that such intent may not have been entertained by the debtor.    A very suspicious or avaricious creditor would believe that his debtor intended to cheat him if he failed to pay on the day the debt was due, and would be willing to swear to all manner of motives and intents. And a dishonest creditor or blackmailer would be ready to swear in the same manner without regard to his belief.    But if such persons are required to swear, as the statute prescribes, to facts, that is, to declarations, acts and conduct, they would have no power over the honest debtor to seize his property. The affidavit in this case is wholly deficient in these essential and important requirements, and in my opinion the circuit court did not err in quashing the attachment for the insufficiency of said affidavit.

There being thus no error in the judgment of the circuit court to the prejudice of the plaintiffs in error, the defendants in error claim that under the ninth rule of this Court the said judgment ought to be reversed for error to their prejudice.

After the office judgment in the action had been confirmed at rules and the case had been duly docketed, the defendants at a subsequent term of the court, appeared and entered the plea of non-assumpsit, on which issue was joined. At the same time the defendant, Armstrong, tendered a plea in abatement for the want of due and legal service of the summons on him, and the defendants, also, tendered a joint plea in abatement, alleging the pendency of another action for the same matters sought to be recovered in this action. To the filing of said pleas in abatement or either of them the plaintiffs objected and the court sustained said objection and rejected each of said pleas. The defendants in error insist that section 21 of chapter 125 of the Code of 1868, abolished the rule requiring pleas in abatement to be filed at rules, and authorizes the filing of such pleas at any time a plea in bar may be filed, provided such plea is filed after the office judgment has been set aside by an issuable plea.

Under the common law practice the defendant was permitted to file but one plea, either in abatement or in bar, unless having filed a plea in abatement such plea was held bad on demurrer, or was tried by the certificate of the ordinary, or upon a replication confessing and avoiding the facts of the plea. In these and some other cases, which are exceptions to the general rule, if the issue be found against the defendant, the judgment was *respondent ouster.—James River & Kan. Co.* v. *Robinson,* 16 Gratt. 434, 439. Otherwise, if the issue in the plea was found against the defendant judgment was entered for the plaintiff in the action. Subsequently this rule was abolished and the defendant permitted, by statute to plead as many several matters of law or fact as he shall think necessary—1 R. C. chapter 128, section 88; Code of Virginia chapter 171, section 23. By the Code of 1868, this statute was retained and the right extended so as to allow the plaintiff to reply by as many replications as he may deem necessary to any special plea filed by the defendant—chapter 125, section 20, Code. And in addition thereto, the said Code provides: "The defendant may plead in abatement and in bar at the same time, but the issue on the plea in abatement shall be first tried. And if such issue be found against the defendant, he may nevertheless, make any other

defense he may have to the action."—chapter 125, section 21.

In *James River & Kanawha Co.* v. *Robinson*, 16 Gratt. 434, is the *quaere:* "If a defendant may not plead in abatement and in bar at the same time, the pleas being filed at the proper time?" The right of the defendant to plead in abatement and in bar at the same time, being thus considered in doubt and the general rule, as we have seen, being that after an issue of fact found against the defendant on a plea in abatement, judgment was entered for the plaintiff without permitting the defendant to make any further defense to the action, the Legislature in order to remove the doubt in the one instance and to remedy, what seemed to be a harsh rule in the other, passed said statute—section 21—and now the defendant may not only plead in abatement and in bar at the same time, but, after pleading in abatement, he is entitled to make any other defense to the action he may have, notwithstanding the issue is found against him on such plea. If, however, the defendant would avail himself of his right, under the statute, to plead in abatement and in bar at the same time, he must do so at rules before his right to plead in abatement has been lost, and he cannot plead in abatement after he has pleaded in bar or after office judgment is confirmed. *Hinton* v. *Bullard*, 3 W. Va. 582; *Abell* v. *Penn. Ins. Co.*, 18 *Id.* 400; *Carey & Co.* v. *Burruss*, 20 W. Va. 570.

I am, therefore, of opinion that the defendants' said pleas in abatement were tendered too late, and that they were properly rejected by the circuit court.

For the foregoing reasons the judgment of the said circuit court must be affirmed with costs to the defendants in error and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.