SAMUEL H. DeLUNG *v.* IRA P. BAER, *Judge.*

(No. 8514)

Submitted November 11, 1936. Decided December 15, 1936.

*Via, Hardwick & Quinlan* and *Peter H. Baer,* for petitioner.

*Perry & Perry,* for respondent.

MAXWELL, JUDGE:

Samuel H. DeLung seeks by prohibition to prevent the Honorable Ira P. Baer, Judge of the Domestic Relations Court of Cabell County, from enforcing an attachment pending in said court.

Icy Jane DeLung instituted in the said domestic relations court a suit in divorce against her husband, Samuel H. DeLung. Recently theretofore, he had left his home at Huntington, West Virginia, and had become a resident of the state of Virginia. It therefore became necessary for the plaintiff in the divorce suit to proceed on order of publication.

Soon after the institution of the divorce suit, the plaintiff therein caused to be filed in the office of the clerk of the domestic relations court an affidavit for an attachment. The ground for the attachment was the non-residence of the defendant. In the affidavit, she asserted that the costs necessary to enable her to prosecute the suit were as follows: Clerk, $10.00; divorce commissioner, $15.00; stenographer, $10.00; order of publication, $3.00; attorney's fee, $100.00; total, $138.00. She also made a suggestion that the Chesapeake & Ohio Railway Company was indebted to her husband for an amount at least as much as the total of items asserted by her, and prayed that the railway company might be required to answer as to such alleged indebtedness.

An attachment and a suggestion were issued by the clerk of the court. The railway company answered the suggestion, admitted that it was indebted to the defendant in the divorce case, and stated that it would hold, subject to the order of the trial court, the sum of $138.00, parcel of the indebtedness of the company to the defendant. Subsequently, an order was entered in the domestic relations court requiring the railway company to pay said amount to the clerk of the court. This was done, and it seems from an affidavit of the clerk, that he thereafter paid a like sum to counsel for Icy Jane De-Lung.

We look in vain for legal justification of this procedure.

Attachment is a harsh remedy, strictly statutory. "The remedy by attachment, being authorized alone by statute and in derogation of the common law, and, moreover, being summary in its effects and liable to be abused and used oppressively, its application will be carefully guarded by the courts and it will be confined strictly within the limits prescribed by the statute." *Delaplain* v. *Armstrong*, 21 W. Va. 211.

Our statute authorizes, on grounds stated therein, an attachment "in any action or proceeding at law or suit in equity for the recovery of any *claim or debt arising out of contract, or to recover damages for any wrong* * * * ." (Italics supplied). Code 38-7-1. Thus, it is plain, if a claim be not based on contract or tort, it will not support an attachment. Under the rule of strict construction necessarily to be applied, the express phraseology of the statute must be given full import. Mrs. De-Lung's claim is not based on either contract or tort. Therefore she cannot maintain attachment. The domestic relations court is without jurisdiction to enforce such attachment by suggestion or otherwise. The court's order directing the railway company to pay money into court was without warrant of law.

We award a writ of prohibition as prayed.

*Writ awarded.*