# CHARLESTOWN.

## BLAIR, COM'R, &C. v. CORE.

Submitted August 10, 1882—Decided September 1, 1882.

1. A special commissioner appointed by a decree of court is simply the creature of the court, and he has no powers except those conferred upon him by the order of his appointment and the course of practice of the court.    (p. 268.)

2. A person, who appointed by a decree of court special commissioner to make sale of lands under such decree and take bonds for deferred payments on said lands, and who makes such sale and takes bonds payable to himself as such commissioner, when said sale is reported to court and confirmed, has no authority to collect said sale bonds unless the decree conferring the appointment or some subsequent decree or order of court gives him authority to do so.    (p. 269.)

3. A special commissioner, who sues to enforce the payment of bonds executed to him as commissioner, must aver in his bill his appointment and authority to collect said bonds, or the bill will be held insufficient on demurrer.    (p. 271.)

34

4. An exception to an answer for insufficiency is in the nature of a demurrer and admits the truth of the matters excepted to; and it is error for the court to sustain an exception to a matter alleged in the answer, which, if true, would be a proper ground of defence to the bill in whole or in part. (p. ——).

Appeal from and *supersedeas* to a decree of the circuit court of the county of Ritchie, rendered on the 16th day of November, 1881, in a suit in chancery in said court then pending, wherein R. S. Blair, special commissioner, &c., was plaintiff, and A. S. Core and J. B. Hallam, committee, &c., were defendants, allowed upon the petition of said Core.

Hon. Thomas J. Stealy, judge of the fourth judicial circuit, rendered the decree appealed from.

The facts of the case are stated in the opinion of the Court.

*W. L. Cole* and *W. N. Miller* for appellant cited 27 Gratt. 824; 8 W. Va. 210 and 29 Gratt. 347.

*R. S. Blair* for appellee cited 10 W. Va. 206; 21 Gratt. 227; 9 Gratt. 336–338; 2 Gratt. 198; 13 Gratt. 195; 28 Gratt. 708 and Sands Eq. 304–305.

SNYDER, JUDGE, announced the opinion of the Court.

This suit was instituted in the circuit court of Ritchie county on the 21st day of October, 1880, by R. S. Blair, special commissioner, against A. S. Core and John B. Hallam, committee, &c. The object of the suit was to enforce the vendor's lien on certain lands sold to the defendant, Core, by the plaintiff as special commissioner under a decree of said court in the suit of *Rosenheim* v. *Hitchcox and others.* The defendant, Core, demurred to the bill and afterwards filed an answer and subsequently an amended answer. The plaintiff filed exceptions to each of said answers. The court overruled the demurrer to the bill and sustained the exceptions in part to the original and in whole to the amended answer; and the plaintiff replied generally to the answers.

The cause came on to be heared on the 16th November, 1881, and the court by its decree ascertained the amount of purchase-money still due and directed a commissioner, ap-

pointed for the purpose, to sell the lands to satisfy said pur-
chase-money. From this decree, on the petition of the de-
fendant, Core, an appeal with *supersedeas* was allowed by this
court.

The principal ground of complaint in this court is, that
the circuit court improperly overruled the demurrer to the
plaintiff's bill. It is urged, that the bill shows no authority
in the plaintiff to bring this suit, and that therefore the
demurrer should have been sustained. The bill avers, that
the plaintiff was appointed special commissioner by the cir-
cuit court of Ritchie county to make sale of certain lands
under a decree of said court made in the suit of *Rosenheim* v.
*Hitchcox & als.;* that he made the sale, and the defendant,
Core, became the purchaser and executed to plaintiff as com-
missioner bonds for the deferred payments of the purchase-
money; that said sale was confirmed by the court; and that
said bonds are unpaid and a lien on said lands. There is no
averment, that the plaintiff was authorized to sue upon or
collect said bonds, and no such authority is given by any of
the decrees filed as exhibits with the bill. The question
then to be decided is: Can a bill filed by a special commis-
sioner to enforce the payment of bonds executed to him as
such commissioner be maintained without an averment,
that he is authorized by a decree or order of the court to sue
upon or collect said bonds?

The office of a special commissioner under the statutes and
rules of chancery practice of this State is the same in many
cases as that of a receiver under the general chancery prac-
tice in England and in many of the States. Excluding that
class of commissioners known as commissioners in chancery,
whose duties are to take, state and report accounts, the only
difference in the practice in this State seems to be, that in
cases of sales the officer appointed to execute the orders of
the court is designated a special commissioner, while in cases,
where the duties are more general and comprehensive, he is
designated receiver either general or special; the former be-
ing merely a species of the latter. Our statute provides, that
courts "may from time to time appoint commissioners for
executing their orders and decrees," &c. Acts 1872–3, chap.
138, sec. 1. They also provide, that "each circuit court may

appoint a general receiver, whose duty it shall be, unless otherwise specially ordered, to receive, take charge of and invest in such stock or other security, as the court may specially order and in the manner required by such order, all moneys heretofore paid into court or into bank or other place of deposit and now standing subject to the order of such court, and all moneys so paid under any judgment, order or decree of court, and also to pay out or dispose of the same, as the court may order or decree; and to this end the general receiver shall have authority to check for, receive and give acquittances for all such moneys." Code, chap. 133 § 15.

There are other provisions in our Code relating to general receivers, but in all of them the authority of the receiver is as guarded and restricted as it is in the section given. The authority of a special commissioner is certainly not less restricted and limited than that of a general receiver. However this may be, it is quite evident, that the powers conferred and the duties imposed upon the commissioner in this case in no respect differ from those of a receiver in like cases. It is therefore important to determine, what are the powers and duties of receivers in such cases.

A receiver is simply the creature of the court; and he has no powers except such, as are conferred upon him by the order of his appointment and the course and practice of the court. The money or property in his hands is *in custodia legis* for whoever can make out a title to it. It is the court itself, which has the care of the money or property. The receiver has very little discretion. In *Booth* v. *Clark*, it was expressly held, that "he must apply to the court for liberty to bring or defend actions." 17 How. 331; *Blunt* v. *Clitherow*, 6 Ves. 799.

In *Davis* v. *Snead*, 33 Gratt. 705, it was decided, that a person appointed by a court of equity to collect the purchase-money for lands sold by him as commissioner, and for which he had taken bonds payable to himself as commissioner, is not a creditor in the sense of the statute (Code of 1873, chap. 143 §§ 4 and 5) to whom a surety on the bond may give notice to bring suit on the bond. In that case the court says: "Nor are the powers of the receiver at all varied or increased by the fact, that he is the obligee in the bond. The legal

title and right of action are thereby vested in him; but he cannot sue except by the direction of the court, which appointed him, and whose agent he is." 33 Gratt. 710.

"In all judicial sales the court is regarded as the vendor and contracting party, on the one hand, and the purchaser on the other. If the bond is payable to a commissioner or receiver it is only so from the necessity of the case, beause the court can act only through the instrumentality of its officers and agents, and because there must be some one who, in behalf of the court, may if need be bring the action at law." Id.

In *Bangs* v. *McIntosh*, 23 Barb. 591, it was held, that a receiver or other party commencing a suit under any special authority must duly allege his authority in his complaint.

In *White* v. *Joy*, 3 Kern. 83, the court says: "The receiver must set out the proceeding, so that the court may see that the appointment was legal. In such a case the appointment of the receiver is a part of the plaintiff's title." Justice Marvin, also, says: "If the plaintiff claimed in his character of receiver he should have inserted the proper averments in the body of his complaint, to show his right to maintain his suit in that character and his title to the note."

These authorities show, that the receiver, to maintain his suit, must not only have direct authority from the court, which appointed him, to collect the money, but that his authority must be duly averred in his bill. The simple fact that he was appointed to make the sale and take the bonds, does not confer on him the right to receive the money for the deferred payments much less to sue on the bonds taken for such deferred papments. Our statute requires a commissioner appointed to make sale of lands, to execute bond with security before he is authorized to receive any money as such commissioner, and if the purchaser pays the purchase money to him without his having given such bond, such payment will not discharge the purchaser. *Tyler* v. *Toms*, 75 Va. 116. The penalty of the bond of the commissioner in the decree directing the sale in this cause is one thousand dollars, only, while the gross amount of the sales amounted to over three thousand and nine hundred dollars. It is not reasonable to suppose that the court in taking this bond

intended that the commissioner should collect the whole of this purchase money. The authority of the commissioner to collect should not be inferential but express. The power is special and qualified and unless it is directly conferred it can have no existence. And when the commissioner sues on the bonds given for the purchase money he must aver in his bill his authority to sue or, at least, to collect the money, and exhibit therewith the decree conferring the authority. That was not done in this bill and the court should, therefore, have sustained the demurrer.

It seems from a decree, made in the suit of *Rosenheim* v. *Hitchcox et als.*, subsequent to the date of the decrees mentioned in, and exhibited with, the plaintiff's bill and brought to this Court by the plaintiff on a writ of *certiorari*, that the plaintiff was authorized to collect said bonds; but as the bill makes no reference to said decree, nor does it appear to have been exhibited therewith, it is no part of the record in this cause, and cannot be considered by this Court, and certainly not on the demurrer to the bill.

It is claimed by the appellant, that the court erred in sustaining the exceptions to the answers of the defendant, Core. In his answer the said defendant avers, that "he is entitled to a credit for three hundred and ninety-six dollars and two cents paid October 13, 1879, to the plaintiff for this respondent by S. T. and S. C. Satterfield, it being the amount due from said Satterfield to this respondent upon a deed of trust, which deed of trust had been placed in the hands of the said plaintiff, Blair, for collection, with instructions from respondent to him to apply the same upon the purchase-money for said land." The plaintiff excepted to this clause of the answer, upon the ground that an attorney, much less an officer of the court, has no right to accept notes or bonds of the debtor as collateral security for the debt sued on without express authority to do so. It seems from the language of the decree, that the court sustained this exception. If that is the effect of the decree, the court erred. When collaterals are put in the hands of an attorney or court by the debtor to be collected and applied to the payment of a debt due to a client or to such commissioner, the collaterals will not be a payment on such debt; but as soon as the money comes to

the hands of such attorney or court by the collection of said collaterals, the money so collected will constitute a payment on such debt.     *Wiley* v. *Mayhood,* 10 W. Va. 206.

The allegation in the answer is a direct averment, that the three hundred and ninety-six dollars and two cents was paid to said Blair commissioner on the 13th of October, 1879, and that he was directed by the defendant, Core, to apply the same as a credit upon the debt sued on.     The exception, like a demurrer, admitted the truth of this averment; and the court by sustaining the exception denied the defendant an opportunity to prove the facts averred, which he might have done, had the exception been overruled.     The action of the court was therefore erroneous.

So far as I can ascertain from the record, there was no error in the action of the court sustaining the other exceptions to the answer and amended answer.     The court did err however in not giving in its decree of sale a day to the defendant to redeem his land before sale.     *Peck* v. *Chambers,* 8 W. Va. 210.

For the errors aforesaid the said decree of the 16th November, 1881, must be reversed and annulled with costs to the appellant against the appellee, Blair, commissioner; and this Court proceeding to enter such decree, as the circuit court should have entered, it is ordered, that the demurrer to the plaintiff's bill be sustained; and the cause is remanded to the circuit court of Ritchie county with directions to that court to permit the plaintiff if he asks to do so, to amend his bill by making therein proper averments of his authority to collect the purchase-money mentioned in said bill, and to dismiss his bill, if he fails to do so in a reasonable time.

In adjudging that the appellee, Blair, must pay the costs in this Court it is not intended to preclude the circuit court thereby from allowing him the said costs out of the fund in controversy.     Whether he should be allowed said costs out of the fund or not, we cannot determine properly on this appeal, as it is not a point involved here, and must depend on circumstances, which are not disclosed and could not properly be disclosed by the record here.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.     CAUSE REMANDED.