# WHEELING.

GLENN *et als. v.* BLACKFORD *et als.*

Submitted February 2, 1883—Decided December 8, 1883.

1. Where a judicial sale is confirmed, and the court directs the commissioner to convey the land to the purchaser, retaining in the deed a lien for the purchase-money, and such conveyance is made, and the purchaser sells the land and conveys it to a third party, and such third party sells and conveys to others, and the purchaser from the commissioner fails to pay the balance of the purchase-money, the lien should be enforced by original bill, if the original cause is ended, or if still pending for any purpose, by supplemental bill filed in such cause.

2. The purchaser at the judicial sale as well as his immediate and remote vendees, should be made defendants to such original or

supplemental bill, and the land should be sold according to the equities between the said defendants.

3. It is bad practice upon the confirmation of a sale of land to order the commissioner to convey the legal title to the purchaser ; the title should be retained until the purchase-money is all paid.

The facts of the case are stated in the opinion.

*T. C. Green, White & Trapnell, Frank Beckwith, William H. Travers, Grove & Brown* for appellants.

*Isaac Fouke* for appellees.

JOHNSON, PRESIDENT:

James W. Glenn and others filed their bill in the circuit court of Jefferson county against John Blackford and others for the partition of certain lands in said county. On the 25th day of October, 1867, the court ordered a certain portion of the land to be sold and appointed commissioners to sell the same. The said commissioners, Joseph A. Chapline and C. E. Stubbs, sold the land to one Parker H. Strode for ten thousand three hundred and eighteen dollars and fifty-three cents. The decree of 21st December, 1867, states there were no exceptions to the report, and the sale was confirmed, and the court ordered, that "*said commissioners do convey to Parker H. Strode, by deed of special warranty* the said lands to him sold, retaining thereon a lien in said deed to secure the unpaid purchase-money thereon, and that a writ of *habere facias possessionem* do issue to put said Strode in possession of said land and premises to him so sold, &c."

Evalina Moler filed her bill of injunction, in which she alleged that after the deed by the commissioners had been made to Strode, he sold the said land and conveyed the same to James W. Glenn; that Glenn afterwards, to-wit, on the 26th day of September, 1868, sold and conveyed fifty acres, one rood and twenty poles of said land to the plaintiff Evalina Moler; and that afterwards, to-wit, on the 30th day of May, 1871, said Glenn sold and conveyed to James H. Moore forty-one acres three roods and thirteen perches of said land. The bill sets out the several decrees, authorizing the sale,

and confirming it and ordering the commissioners to convey, and also the decree ordering a re-sale of the property, and prays that said commissioners may be enjoined from selling her land, &c. The injunction was granted, and the commissioners and Glenn and Strode were made defendants to the bill and were served with process.

As far as the record shows, the defendants did not answer this bill.

The decree complained of in said bill is the decree of the 18th of June, 1874, which recited that Parker H. Strode, the purchaser, had not complied with the terms of the sale, and that he then owed four thousand one hundred dollars of the purchase-money with interest on four thousand and ninety-three dollars from July 22, 1872, and without bringing Strode before the court by rule or otherwise decreed, that the commissioner should re-sell the property on the terms then prescribed. The decree of November 16, 1875, recites the fact, that the commissioners had been enjoined from selling the property, and then it was decreed that unless Parker H. Strode *or James W. Glenn* or some one for them pay the said balance of purchase-money, four thousand one hundred dollars, with interest, the said commissioners should sell the land on the terms prescribed in said decree; but that they should *first* sell the land not conveyed by Glenn, and if that was not sufficient to pay said balance, then sell that portion conveyed to Moore; and if that proved insufficient, they should then sell that conveyed to Evelina Moler. The decree of April 5, 1876, recites that by the report of the commissioners it appears, that they were unable for want of bidders to sell said property, and they were again directed to proceed to sell the same. The decree of April 24, 1878, shows that the commissioners had made sales of said land to James H. Moore and Charles Aglionby and sustained exceptions to said report and set aside said sales.

From the decrees of June 28, 1874, November 16, 1875, April 5, 1876, and April 24, 1878, the said Evelina Moler, the plaintiff in the injunction-bill, and James W. Glenn, one of the plaintiffs in the original bill and a defendant to the injunction-suit, appealed. The injunction, as appears by the decree of November 16, 1875, was heard with the original

suit, although it is not in terms dissolved or perpetuated, nor was James H. Moore, one of the purchasers from Glenn, a party to the suit.

Parker H. Strode is not complaining of the decree; but his immediate vendee, Glenn, and Glenn's vendee, Mrs. Moler, are.

The principal question raised by the assignments of error is, whether there can be a re-sale of property ordered, where the court has through its commissioner parted with the legal title retaining a lien for the purchase-money without an original or supplemental bill with all the parties interested brought before the court.

In *Gross* v. *Pearcy*, 2 Patt. & H. 483, it was held, that a purchaser of land sold under a decree of a court of chancery may be compelled to comply with the terms of the sale and complete the purchase by paying cash, if it be a cash sale, or by giving bond and security, if the sale be on time, either by process of contempt or by a rule to show cause why the land should not be re-sold. In this case the legal title was retained.

In *Clarkson* v. *Read*, 15 Gratt. 288, there was a judicial sale of land partly on credit and the purchaser paid the cash payment and executed his bonds for the deferred payments, and the sale was confirmed by the court, and the title was retained. When the bonds fell due, he failed to pay them. It was held, that the purchaser might be proceeded against by a rule made upon him to show cause why the land might not be re-sold for the payment of the purchase-money, and upon that proceeding a decree may be made for the sale of the land.

In *Long* v. *Weller*, 29 Gratt. 347, it was held, that where a judicial sale of land is made upon a credit, and the title retained as a security, upon a rule against the purchaser to show cause why the land should not be re-sold for his failure to pay the purchase-money before making a decree for the sale the court should ascertain how much of the purchase-money is due, and should in the decree give a day in which to pay it, and if not paid in that time, the commissioner to sell.

In the case of *Clarkson* v. *Read*, 15 Gratt., Daniel J., en-

tered into a discussion of the question, whether in a case like
that, where the legal title was retained, an original or sup-
plemented bill would have to be filed, or whether a rule was
sufficient.   On page 298 he says: "I do not mean to say
that in all cases of the kind the proceeding should be by a
rule, rather than by a bill.   It is not difficult to conceive of
cases in which there might grow up or be developed, be-
tween the direct parties to the cause and the purchaser,
equities of a character, such as to require that they should be
discussed and considered upon regular and formal pleadings
original or supplemental.   It is however but reasonable to
believe, that in a majority of cases little else would be at-
tained by requiring the parties to go through the steps of a
regular suit instead of proceeding by a rule, except delay;
delay which whilst furthering no just end or object of the
purchaser, would work inconvenience and injustice to those
entitled to receive the proceeds of the sale."

The usual and better practice is for the court, always to
retain the legal title in confirming a judicial sale, so that
should the purchaser fail to pay the deferred bonds, a rule
might speedily issue against him, the amount of the balance
ascertained, and a re-sale ordered.   In such case no new
suit or supplemental bill in the same suit is necessary, and
the costs are less, and the end more speedily reached; but
sometimes the court, as in the case here, confirms the sale
and orders the *legal* title to be conveyed to the purchaser re-
taining a lien for the residue of the purchase-money.   Where
this is done, and the purchaser fails to pay the bonds as they
fall due, it is the practice to file an original bill to enforce
the lien for the purchase-money, in which case it would of
course be necessary to make defendants all the parties in-
terested in that proceeding, the purchaser and his vendees, if
he had sold the land or any part thereof, and the equities be-
ing settled between them, the land would be decreed to be
sold according to the equities between the parties, and the
court could then order the legal title to be made to the
purchaser at said sale.   If the original suit were still pending
in court for any purpose, in a case where the legal title had
been conveyed to the purchaser, the same result might be
reached by filing a supplemental bill in that cause, making

defendants thereto the purchaser and his vendees, if any.  In *Blair, Com., v. Core,* 20 W. Va. 265, an original bill was filed in such a case.  In the case here, no bill was filed either original or supplemental, and no rule was issued against the purchaser or his vendees.  This was clearly error, for which the decrees of June 18, 1874, November 16, 1875, April 5, 1876, and April 24, 1878, must be revresed.

The question so much discussed as to *pendente lite* purchasers it is not necessary to consider.  These purchasers from a purchaser of the court, to whom had been conveyed the legal title, in any proceeding for a sale of the property to enforce the lien retained for the purchase-money ought to have been before the court.

The cause is remanded to the circuit court of Jefferson county with leave to the commissioners to file an original or supplemental bill, to enforce the lien, for the purchase-money, retained by them, in their deed to Parker H. Strode.

REVERSED.   REMANDED.