# WHEELING.

## CLARKE'S ADM'R *v.* SHANKLIN.

### Submitted January 25, 1884—Decided April 19, 1884.

A special commissioner appointed by a decree to make sale of land, who makes the sale and takes the purchase-bonds payable to himself as commissioner, has no authority to sue on or collect said bonds unless specially authorized by the court to do so, and if he files his bill to enforce the payment of such bonds and fails to aver therein such authority his bill will be held insufficient on demurrer.

The facts of the case are fully stated in the opinion of the Court.

*A. F. Matthews* for appellant.

*Campbell & Hereford* for appellees.

SNYDER, JUDGE:

By a decree, entered in a cause in which G. W. Curry and others were plaintiffs and Matthew Alexander's heirs were defendants, then pending in the circuit court of Monroe county, George W. Curry and others were appointed commissioners to sell certain lands in said decree mentioned. They made sale of about seven acres thereof to one E. J. Shanklin and she, with one S. A. Clarke as her surety, executed to them as such commissioners her bonds for the deferred payments. The sale was confirmed by the court and these bonds afterwards falling due and remaining in part unpaid, the said commissioners on August 23, 1875, brought this suit against said E. J. Shanklin and the administrator of said Clarke, he having died in the meantime, to sell the land so purchased for the unpaid purchase-money. The land was thereafter sold under a decree of said court in another cause and failed to realize a sum sufficient to pay off said unpaid bonds. The plaintiffs then filed an amended bill in which they stated that such sale had been made and the amount of the deficit; that the said E. J. Shanklin was at the time she executed said bonds and still is a married woman; that she was then and is now possessed of a valuable separate estate, consisting of real and personal property, which she intended to and did charge with the payment of said bonds; and they pray that they may have a decree against the said separate estate and also against the administrator of said Clarke for the balance still due on said bonds and for general relief.

The defendant, E. J. Shanklin, demurred to the plaintiffs' bill and both the defendants answered the same. On October 16, 1878, the court entered a decree dismissing the bill as to the defendant, Shanklin, and entered a decree against the said administrator to be paid out of the estate of said Clarke. It referred the cause to a commissioner to ascertain the exact balance due and the commissioner having reported such bal-

ance to be six hundred and forty-five dollars and thirty-six cents, it rendered a final decree on October 20, 1879, against said administrator for said amount. From this decree and that of October 16, 1878, Joseph D. Logan, administrator of said Clarke, appealed to this Court.

Neither the original nor the amended bill in this cause avers that the plaintiffs had any authority to institute this suit or collect the said bonds, and no such authority is shown or appears in any part of the record. A special commissioner appointed to make sale of lands by a decree, who makes the sale and takes bonds payable to himself as commissioner, has no authority to collect or sue on said bonds unless specially appointed, or directed, by the court to do so. And when he is so authorized and brings a suit to enforce the payment of such bonds he must aver in his bill that he has been so appointed and authorized to sue and collect said bonds. If he fails to make such averment and show such right to sue, his bill will be dismissed—*Blair* v. *Core*, 20 W. Va. 265.

Without, therefore, considering any of the other questions argued in this Court I am of opinion, that the said decrees must be reversed for the want of authority in the plaintiffs to bring this suit, and that the appellant recover from the plaintiffs below his costs in this Court. And proceeding to enter such decree, as the circuit court should have rendered, it is ordered, that the demurrer to the plaintiffs' bill be sustained as to both the defendants therein; and this cause is remanded to said court with directions to permit the plaintiffs, if they ask to do so, to amend their bill by making therein the proper averments of their authority to sue for and collect said purchase-money and, if they fail to do so in a reasonable time, to dismiss their bill with costs.

REVERSED. REMANDED.