# CHARLESTOWN.

## CORE v. STRICKLER.

Submitted June 16, 1884—Decided October 1, 1884.

1. A decree made upon the hearing on the merits, which settles and adjudicates all the matters in controversy between the parties, is such a final decree that a bill of review will lie to it, although much may remain to be done before it can be completely carried into execution. (p. 694.)

2. A bill of review will lie to a decree in a creditors' suit, which ascertains the amounts and priorities of all the debts sought to be established in the cause as liens on real estate, and which orders said debts to be paid and the sale of the real estate on which said debts are adjudged to be liens. (p. 695.)

3. A bill of review will not lie to review such decree, unless it is exhibited within three years from its date, although it may complain of errors committed in subsequent decrees of the cause, pronounced within three years from the time such bill is exhibited. (p. 696.)

4. Where a sale of real estate is made under a decree of court and confirmed without exception, such sale is not void because made by a commissioner not previously authorized to make it; and, therefore, a bill of review does not lie to correct the irregularity of such sale. (p. 696.)

The facts of the case are stated in the opinion of the Court.

| | |
|---|---|
| 24 | 689 |
| 36 | 130 |
| 24 | 689 |
| 37 | 597 |
| 37 | 837 |
| 24 | 689 |
| 39 | 263 |
| 39 | 356 |
| 24 | 689 |
| 40 | 363 |
| 24 | 689 |
| 41 | 344 |
| 24 | 689 |
| 43 | 492 |
| 24 | 689 |
| 44 | 111 |
| 44 | 245 |
| 44 | 549 |
| 45 | 671 |
| 45 | 676 |
| 24 | 689 |
| 48 | 529 |
| 24 | 689 |
| 49 | 11 |
| 50 | 335 |
| 24 | 689 |
| 52 | 658 |
| 24 | 689 |
| 54 | 494 |
| 24 | 689 |
| 56 | 600 |
| 24 | 689 |
| 58 | 331 |
| e58 | 579 |
| 58 | 581 |
| 24 | 689 |
| e62 | 214 |

*J. A. Hutchinson* for appellant.

*Cole & Miller* for appellee.

SNYDER, JUDGE:

A. S. Core, on October 19, 1881, by leave of the court filed his bill of review in the circuit court of Ritchie county against J. P. Strickler, Granville E. Jarvis, Allen Hudgins and others for the purpose of reviewing and reversing two decrees pronounced in the suit of said Strickler and Jarvis against said Hudgins, Core and others, theretofore pending in said court, the first entered at the April term, 1877, and the other on May 4, 1880, for errors "apparent on the face of the record." The cause was heard on November 14, 1882, when the court entered a decree dismissing said bill of review and the plaintiff therein obtained an appeal to this Court.

The facts, so far as it is necessary to state them on this appeal are, substantially, as follows:

At the May term, 1868, of said circuit court, James M. Stephenson obtained a decree for the sale of a tract of one hundred acres of land against Allen Hudgins to pay three hundred and fifty dollars with interest and costs, being a balance of the purchase-money for said land secured by a vendor's lien thereon and, also, to pay off a judgment in favor of A. S. Core for four hundred and thirty-two dollars and seventy cents with interest, subject to credits, which was also a lien on said land. A sale was made under said decree in September, 1869, and the former owner, Hudgins, became the purchaser at six hundred dollars, a sum sufficient to pay off said vendor's lien, costs and the balance unpaid on the judgment of Core. The sale was confirmed and on October 16, 1871, the commissioner of the court conveyed the land to Hudgins and on the same day Hudgins conveyed fifty acres of said land to a trustee to secure the payment of a bond of that date for five hundred and thirty-eight dollars and fifty cents due six months after date and payable to said Core. Before the execution of said deeds, that is, in March and May 1871, said Strickler and Jarvis and other creditors recovered judgments against Hudgins which had been

promptly docketed on the judgment-lien docket of said county. The fifty acres not embraced in Core's trust-deed were sold and conveyed by Hudgins to Jesse H. Hammond and the other fifty acres were sold by the trustee and purchased by the appellant Core. After this, at the November rules, 1872, said Strickler and Jarvis brought their suit in equity to subject said one hundred acres of land to the payment of their said judgments, making the appellant said Hudgins and others defendants to their bill, and alleging therein that said land was liable for the payment of said judgments and that said Hudgins was not then the owner of any land and had not been the owner of any except said one hundred acres since their judgments had been recovered. The appellant here answered said bill and averred in his answer that, at the sale under the decree in favor of Stephenson aforesaid, he had bid off the land and agreed with Hudgins that the commissioner might report him, Hudgins, the purchaser, and that he, appellant, would discharge the debt of Stephenson and take a trust-deed on the land, when the commissioner should make the deed to Hudgins, to secure the amount thus paid to Stephenson and also for the balance due on the judgment of appellant; that it was in pursuance of this agreement that the said trust-deed of October 16, 1871, was executed on the same day the deed was made to Hudgins by the commissioner. The cause was referred to a commissioner to state and report the liens on said land, and he reported the liens in the order of their priorities placing the trust-lien of appellant last in priority, but stating that, if the amount included in the appellant's trust should hold from the date of the original judgment, it would be first in order of priority and if from the date of the trust-deed it would be last in priority; and he submitted the question of priority of this debt to the court. There was no exception to this report. The court at the April term, 1877, being of opinion that the appellant by taking the trust-deed of October 16, 1871, including therein the balance due on his judgment, had lost the priority of the lien of his judgment, confirmed the report of the commissioner and ordered the debts therein stated to be paid in the order reported, thus placing the appellant's debt

last in priority. By the same decree the court appointed C. F. Scott and C. C. Cole commissioners to sell the land to pay said debts and costs. At the November term, 1878, a decree was entered appointing W. L. Cole commissioner to sell said land "in the place of C. C. Cole and C. F. Scott who were appointed by said decree to make sale." On May 4, 1880, a decree was entered which, after reciting that C. F. Scott and C. C. Cole, commissioners, appointed by a former decree to sell the land, had filed their report of sale, confirmed the said sale without exception and ordered the money to be collected by commissioner Scott and paid over to the creditors according to the order and priority fixed by the former decree.

After stating the foregoing facts in much detail, the bill of review prays that the said decree of the April term, 1877, and that of May 4, 1880, may be reviewed and set aside for the following errors apparent on the record :

*First.* Because the judgment of the appellant mentioned in the commissioner's report should have been given priority over the other debts reported.

*Second.* Because the principal part of the debt secured in the trust-deed of October 16, 1871, was for purchase-money due Stephenson which had been paid off by appellant under an agreement between him and Hudgins that he was to be substituted to the lien of Stephenson on the land, and the deed to Hudgins by the commissioner and the trust-deed to secure him, having been executed at the same time they constituted but one and the same transaction, and therefore he was entitled to priority by reason of his subrogation to the vendor's lien of Stephenson.

*Third.* Because having satisfied the vendor's lien to Stephenson, the appellant was entitled to be subrogated to the place of Stephenson against Hudgins, in any event, and it was error not to so declare and decree; and

*Fourth.* Because C. C. Cole and C. F. Scott who made the sale had been displaced and W. L. Cole appointed in their place to make the sale, therefore, the sale by the former was void and it was error not to so decree.

The defendant, J. P. Strickler, answered the said bill denying that there were any errors in said decrees for which

a bill of review would lie, or that there was any error whatever in the record. He also averred that the decree of April, 1877, was final and the bill of review having been brought in October, 1881, more than three years after, it was barred by the statute of limitations, &c.

1. The enquiry first presented is, had the right of the appellant to review the decree of April, 1877, become barred by the statute of limitations at the time he filed his bill? Our statute provides:

"A court or judge allowing a bill of review may award an injunction to the decree to be reviewed. But no bill of review shall be allowed to a final decree, unless it be exhibited within three years next after such decree," &c.—Code, ch. 133 § 5.

The decree of April, 1877, as we have seen, was rendered more than three years before the bill of review was exhibited, and the question then raised, was that a *final* decree within the meaning of this statute? If it was, then, it cannot be reviewed by this bill.

It is very difficult to determine from the authorities precisely what is comprehended by the term "final decree." There is an apparent inconsistency in the cases on the subject. But I think this is more apparent than real. It must be recollected that there are three kinds of final decrees:

*First,* a decree from which an appeal will lie. This is defined by one statute to be any "decree or order  *  *  * requiring money to be paid, or *real estate to be sold,* or the possession or title of the property to be changed, or *adjudicating the principles of the cause*"—Acts 1882, ch. 157 § 1.

*Second,* a decree which not only adjudicates all the matters and merits of the cause, but which disposes of the details and puts the parties out of court, so that no further order can be made or action had in the cause unless, by a new proceeding and summons, the parties are again brought before the court —*Battaile* v. *Md. Hospital, &c.,* 76 Va. 63; *Ruhl* v. *Ruhl,* supra p. 279; *Harvey* v. *Bransen,* 1 Leigh 108; *Cocke* v. *Gilpin,* 1 Rob. 20; *Ryan* v. *McLeod,* 32 Gratt. 367: and

*Third,* a decree to which a bill of review will lie—*Rawlings* v. *Rawlings,* 75 Va. 76. Judge Story, in speaking of this class of decrees, says: "A bill of review also lies only after

a final decree; for the court may, if the decree be only inter-locutory, afterwards and before a final decree, vary or rescind it. But *a decree is final in the sense of the rule,* which finally adjudicates upon all the merits of the controversy, and leaves nothing further to be done but the execution of it. Thus, for example, a decree for foreclosure and *sale,* upon a bill brought by a mortgagee for a foreclosure and sale (according to the practice in many States in America), is final and the sale is but in the nature of an execution"—Story's Eq. Pl. § 408 *a*; *Whiting* v. *Bank,* 13 Pet. 6; *Ray* v. *Low,* 3 Cr. 179; *Jenkins* v. *Eldridge,* 3 Story 299.

Under the act of Congress an appeal lies to the Supreme Court of the United States only from a final decree and, therefore, a bill of review will lie to any decree from which an appeal could be taken in that Court. The decree must be final in the same sense in either case. The law is so expressly stated by Story, Justice, in the opinion of the court in *Whiting* v. *Bank, supra.* And such final decree is there defined to be one which settles the merits of the controversy between the parties. The question before the court was whether a decree of foreclosure and sale was such final decree, and it was held that it was. The court holding that " the ulterior proceedings are but a mode of executing the original decree, like the award of an execution at law"—13 Pet. 15; *Fugay* v. *Conrad,* 6 How. 201; *Thompson* v. *Dean,* 7 Wall 342.

These decisions of the Supreme Court of the United States holding as they do, that a decree of foreclosure and sale of mortgaged premises, was a final decree, from which either a bill of review or an appeal would lie, without waiting for the return and confirmation of the sale by a decretal order, it follows that the decree of April, 1877, in this cause was also a final decree, from which a bill of review would have lain at the time it was rendered, unless our law in that respect differs from that of the United States. While it must be admitted the definitions given to the term "final decree" by the decisions of the court of appeals of Virginia are not always the same, still there are many of them which hold, and I think, establish it to be a general rule, not in conflict with any of the decisions, that a decree pronounced upon the

hearing, which settles all the matters in controversy between the parties, is final, though much may remain to be done before it can be completely carried into execution, and even though to effectuate such execution the cause is retained and leave is given to the parties to apply for the futrue aid of the court—*Thorntons* v. *Fitzburgh*, 4 Leigh 209; *Davenport* v. *Mason*, 2 Wash. 200; *Harvey* v. *Branson*, 1 Leigh 108; *Vanmeter* v. *Vanmeter*, 3 Gratt. 142; *Ruff* v. *Starke*, *Id.* 129; *Tennant* v. *Patton*, 6 Leigh. 196: *Fleming* v. *Bolling*, 8 Gratt. 292; *Rogers* v. *Strother*, 27 *Id.* 417; Sand's Suit in Eq. § 486; 4 Min. Inst. 860.

The only case I have been able to find in the reports of this State having any bearing on this question, is *Camden* v. *Haymond*, 9 W. Va. 680. In that case the court held the decrees of sale and confirmation were interlocutory and not final. But that case was decided according to its peculiar facts and the decision does not at all conflict with the rule above stated from the Virginia cases. The bill alleged that there was due to the plaintiff from the defendants fifteen thousand one hundred and fifty-one dollars and fifty cents, but only a part of this sum was due when the decree of sale was entered, and there was also an attachment against real estate as to which no sale was ordered; the decree was for only three thousand five hundred and four dollars and fifty-two cents, and it expressly granted leave to the plaintiff "to thereafter apply to the court for a decree to enforce the payment of" the residue of said debt. The court, therefore, says: "This personal decree, contemplated to be made thereafter was obviously, further action *in* the cause, *and not a measure necessary for the execution of the decree already* pronounced"—9 W. Va. 687–8. I think this decision is in favor rather than against the rule announced, that a decree, which settles all the matters of controversy between the parties, is final, although further action by the court may be necessary to carry such decree into execution.

In this State, as we have seen, it is provided by statute, among others, that an appeal will lie from a decree requiring "real estate to be sold * * * or adjudicating the principles of the cause." In such cases it would, therefore, seem that a bill of review would lie as well as an appeal; but it is

unnecessary to decide that question in this cause further than the particular decree under consideration requires such decision, and to that extent only is it now intended to intimate an opinion; for, certainly there are decrees from which an appeal would lie under the statute to which a bill of review would not lie.

In my view, under the authorities, the decree of April, 1877, before us, was plainly such a final decree that a bill of review would lie to it. It adjudicated all the matters in controversy between the parties, it fixed the amounts and priorities of the debts to be paid, directed the payment of said debts and the costs of the suit, and ordered the real estate to be sold for that purpose. In fact, it disposed of every question presented in the cause and left nothing further to be done but the execution of the decree. This being, then, such final decree that a bill of review would lie to it, the statute declares that it cannot be reviewed unless the bill for that purpose is exhibited within three years after it was pronounced—Code, ch. 133 § 5. It follows that said decree cannot be reviewed in this cause; because the bill of review was not filed within three years from its rendition. This disposes of the first three errors complained of, all of which are predicated on said decree.

2. The only remaining ground relates to the decree of May 4, 1880. This decree, it is alleged, is erroneous and subject to review, because C. C. Cole and C. F. Scott, who made the sale, had been displaced and W. L. Cole appointed commissioner to make the sale in their place. A sale under the decree of the court is not a sale by the commissioner but by the court. The commissioner is merely the instrument or agent of the court and the sale is never complete until it is reported to and confirmed by the court—*Blair* v. *Core*, 20 W. Va. 265; *Kable* v. *Mitchell*, 9 *Id.* 492.

The sale here was not excepted to and was confirmed without objection. The objection made by the bill of review does not make the sale void, but merely relates to an irregularity which might have been taken advantage of before confirmation. It is certainly not such a defect in the sale by the court as would have warranted this Court in reversing the decree of confirmation in the absence of any evidence

that the party had been prejudiced by it—*Hughes* v. *Hamilton*, 19 W. Va. 369, 398; *Trimble* v. *Herold*, 20 *Id.* 602.

The court, having the right to make the sale without the interposition of a commissioner, or to confirm a sale made without its direct authority, if it thought best to do so, it certainly had the power to ratify the sale in this case, although made by persons not authorized by the decree to make it—Freem. On V. Jud. Sales, § 42. It does not *affirmatively* appear that the appellant was prejudiced by the irregularity complained of in the sale and, therefore, it is no ground for a bill of review—*Hall* v. *Lowther*, 22 W. Va. 570.

If, however, this bill of review had been exhibited in time to have said decree of April, 1877, reviewed, and the errors therein complained of actually existed, I doubt very much whether such errors could have been corrected in this form of proceeding, but could only have been done on appeal. The power to correct errors by bill of review is much narrower than it is by appeal. By the former the errors must be such as appear on the face of the decrees, orders and proceedings in the cause, arising on the facts admitted by the pleadings or stated as facts in the decrees. But if the errors be errors of judgment in the determination of facts, such errors can be corrected only by appeal—*Rawlings* v. *Rawlings*, 75 Va. 76; *Nichols* v. *Nichols*, 8 W. Va. 175; Story's Eq. Pl. § 407.

The errors complained of in this cause do not arise upon the facts admitted in the pleadings or recited in the decrees. I am, therefore, in any view of the cause, of opinion, that there is no error in the decree of the circuit court dismissing the appellant's bill of review and that said decree must be affirmed.

AFFIRMED.