# CHARLESTON.

## FLESHER *v.* HASLER.

Submitted January 21, 1887.—Decided February 12, 1887.

PLEA IN ABATEMENT.

A plea setting up the fact, that the plaintiffs, commissioners of the court appointed in a chancery suit and in a proceeding at law to recover on a bond executed to them as such commissioners, had not executed the bond required by the statute and were therefore not entitled to maintain such action, is a plea in abatement and under the statute must be filed at rules, and can not be received in court.

*J. A. Hutchinson* for plaintiff in error.

No appearance for defendant in error.

JOHNSON, PRESIDENT :

This is an action of debt brought in March, 1879, in the County Court of Jackson county in the name of "Henry C.

Flesher and George J. Walker, special commissioners in the chancery cause of *W. W. Hanley & Co.* v. *C. H. Progler el al.*" to recover against the defendants $840.00 due on a writing obligatory, described as the "third instalment of purchase-money for Progler's one third part of Pioneer Woolen Mills in Ripley." The action was on the 21st day of April, 1879, removed to the Circuit Court of said county. Two orders were entered in the case on the 23d day of August, 1882; but it does not clearly appear, which was first entered. In the record, as the orders are there copied, the first one shows, that the defendants demurred to the declaration, that the demurrer was overruled, that the defendants pleaded payment, that the plaintiffs replied generally, and that, neither party requiring a jury, the court in lieu of a jury heard the evidence and entered judgment against the defendants for $1,169.56, the aggregate of principal and interest. The other order shows, that the defendants tendered a special plea verified by affidavit, the substance of which is, that at the commencement of the action the said commissioners were not legally authorized to sue on the bond, because they had not given bond as required by law. The court rejected the plea, because it was tendered too late, but permitted it to filed as an affidavit and treated as such; and on motion of the defendant a rule was awarded against the said Flesher and Walker returnable on the first day of the next term to show cause, why they should not be fined and attached for abusing the powers of the court in bringing said action. The defendants moved to continue the case, until the matters arising on said rule should be determined, which motion was overruled.

It is evident from the language of this order, that it was made, before the judgment was rendered.

To the judgment the defendants obtained a writ of error. The only error complained of is, that the court erred in rejecting the plea. If the commissioners had not in fact given the bond, it is clear, that they had no right to recover the judgment or to collect the money, until such bond should be given. (*Hess* v. *Rader*, 26 Gratt. 747; *Blair* v. *Core*, 20 W. Va. 265; *Floyd* v. *Erwin*, 29 Gratt. 598; *Davis* v. *Snead*, 33 Gratt. 705; *Tyler* v. *Toms*, 75 Va. 116; *Dona-*

hue v. *Tackler*, 21 W. Va. 124; *Clarke* v. *Shanklin*, 24 W. Va. 30). But was the plea setting up the fact, that the commissioners had not given bond, tendered in time? It was rejected on the ground, that it came too late. If it is a plea in abatement, it was clearly too late, as such a plea must be filed at rules. (*Delaplain* v. *Armstrong*, 21 W. Va. 211). If it is a plea in bar, it was improperly rejected.

A plea in bar is one, which shows some ground for barring or defeating the action. It is distinguished from all other dilatory pleas in this, that it impugns the right of action instead of merely tending to divert the proceedings to another jurisdiction, suspend them or abate the particular writ. It is in short a substantial and conclusive answer to the action (Stephens Pl. 70). The grounds for abatement are any matters of fact tending to impeach the correctness of the writ, to show, that it was improperly framed or sued out, without tending to deny the right of action itself. Any variance between the writ and the declaration shows, that the writ was not properly adapted to the action, and is therefore a ground for abating it. So, if the writ appears to have been sued out pending an action already brought for the same cause;—if it name only one person as defendant, when it should have named several; or if it appear to have been defaced in a material part, it is for any of these reason abatable. Such pleas relate to the person of the plaintiff, to the person of the defendant, to the count or the declaration or to the writ. A plea in abatement to the person of the plaintiff or of the defendant is such, as shows some personal disability in one of these parties to sue or to be sued. (Stephens Pl. 65, 66).

We have pursued this subject far enough to see clearly, that the rejected plea in this case is not a plea in *bar* but in *abatement*. It does not pretend to deny the right of action, it only states, that at the commencement of the action the plaintiffs were not legally qualified to sue on the bond executed to them, which is the evidence of a valid subsisting debt. As soon as the plaintiffs as commissioners should execute the required bond, they could sue on the bond executed to them. Being a plea in abatement it should have been filed at rules and could not properly be filed, after the

case was in court. The court below properly rejected the plea. The judgment is affirmed.

AFFIRMED.