# CHARLESTON.

### BLAIR, COMM'R, *v.* CORE *et al.*

Submitted January 27, 1887.—Decided March 26, 1887.

COMMISSIONER—JUDICIAL SALE—SALE-BONDS.

> Where a commissioner, who made sale of land under a decree of the court, brings suit and avers in his bill, that the sale had been confirmed, and that he had been appointed commissioner to collect the sale-bonds, and exhibits with his bill a decree, which by fair and reasonable construction and strong implication, though not in express terms, authorizes him to collect the sale-bonds, both the bill and the decree offered to prove its allegations will be treated as sufficient to sustain the suit.

*J. A. Hutchinson* for appellant.

*R. S. Blair* and *W. L. Cole* for appellee.

SNYDER, JUDGE:

Suit in equity brought by R. S. Blair, commissioner, against A. S. Core and others in the Circuit Court of Ritchie county

to subject to sale certain real estate sold by the plaintiff as commissioner of the court in the suit of *Rosenheim* v. *Hitchcox & als.* to the defendant Core, for the payment of a balance of the purchase-money due thereon. This is the second time this cause has been before this Court. It is, therefore, only necessary to refer to the opinion pronounced on the former appeal for a statement of the facts and questions involved and decided by this Court up to the time of that decision. (*Blair, Comr.,* v. *Core,* 20 W. Va. 265).

By reference to our former decision it will appear that the principal question therein decided was, that a special commissioner, suing to enforce the payment of bonds executed to him as commissioner, must aver in the bill that he has been appointed and authorized to collect the bonds by an order or decree of the court, and that if he fails to make such averment the bill will be held to be insufficient on demurrer. The decree was reversed on the former appeal because the bill did not contain such necessary averment.

After the mandate of this Court had been recorded in the Circuit Court, the plaintiff by leave of the court amended his bill at bar. The amendment, as shown by a certified copy of the bill brought to this Court recently upon a *certiorari,* consists of the insertion therein of the following averment : " The complainant avers that, by virtue of the decree of the Circuit Court of Ritchie county, he was appointed a special commissioner to collect said bonds executed by the defendant, A. S. Core, and W. L. Hitchcox, his surety, for the land so sold by the plaintiff and described in this bill ; and also he was authorized to execute a deed for the said land to the purchaser and retain a lien upon the same to secure the payment of the purchase-money hereinbefore referred to. A copy of said decree is here filed marked Exhibit W. H. Y. and asked to read as part of this bill. "

The copy of the decree brought before us by the said *certiorari* as the Exhibit W. H. Y. thus referred to in the bill, I think, by a fair and reasonable interpretation does authorize Commissioner Blair to collect said bonds. While the decree does not contain any express direction to that effect, it does by necessary implication authorize him to collect said bonds. It expressly directs him to pay out the whole

amount of the sale bonds, including both the proceeds thereof then in his hands, then due, and that "which may hereafter become due, with interest thereon, &c." I am of opinion, therefore, that both the averments of the bill and the decree exhibited to sustain the same are sufficient to show that the plaintiff had authority to institute this suit for the collection of said bonds.

The cause was by an order of the court referred to a commissioner to ascertain and report the credits on the sale-bonds to which the defendant, Core, might be entitled, and the balance due on the bonds. The commissioner made and filed his report. The appellant, Core, filed several exceptions to the report, but I do not deem it necessary to state or refer to any of these exceptions further than to say, that all of them relate to questions of fact. Some of them are based on assumed facts, which the record affirmatively shows have no existence and the others upon alleged facts *dehors* the record and wholly unsupported by any evidence offered by the exceptant.

The appellant filed an affidavit in order to obtain a continuance of the cause. The facts stated in the affidavit were clearly insufficient to entitle him to a continuance, and the court rightly refused the continuance. (*Logie* v. *Black*, 24 W. Va. 2.)

In the recitals of the decree of June 24, 1885, which is the one from which this appeal is taken, the court, after fixing the amount due from the appellant at $2,826.26, "after deducting all credits to which the defendant, Core, is entitled, except the sum of $90.45 costs decreed in the Court of Appeals to said Core against the plaintiff, which is to be credited as of September 1, 1882, on the recovery herein decreed to the plaintiff," states, that the plaintiff is entitled to recover said sum from the appellant. In the ordering clause of this decree the appellant, Core, is directed to pay the plaintiff the said sum of $2,826.26. The counsel for the appellant insists, that the decree is erroneous because it does not repeat in its ordering clause, that the appellant is entitled to credit for said $90.45 costs. If this were an error it is one apparent upon the face of the decree and could have been corrected in the Circuit Court under the statute. (Sec. 5,

chap. 134, Code.) · But upon a fair construction of the whole decree, taking all its parts into consideration, I do not think any reasonable person could be misled by it, and that therefore the claim asserted by counsel is without merit.

Upon the whole record I find no error, and therefore the decree must be affirmed.

AFFIRMED.