# CHARLESTON.

Hall, Commissioner *v.* Swann.

Submitted January 26, 1894.—Decided April 7, 1894.

39 353
44 673
44 706
39 353
e56 573

Decree—Forfeiture.

A case in which a decree releasing a certain tract of land from

354      HALL, COM'R v SWANN.

forfeiture in favor of the former owner, who had paid into court all costs, taxes and interest due at the time, is held to be a final decree under Act Nov. 18, 1873. See Acts 1872-73, p. 449.

WARTH & BRIGGS for appellant cited Acts 1893, c. 24, s. 19; Acts 1891, c. 94; Acts 1872-3, c. 134, s. 2, 3; Id. s. 12, 13; Code (1891) c. 105, s. 17; 7 W. Va. 114: 2 W. Va. 441; 24 W. Va. 387; Code, c. 130, s. 14.

T. B. & J. S. SWANN for appellee cited 29 W. Va. 633; Acts 1872-3, c. 134, s. 1; Const. Art. XIII. s. 4.

HOLT, JUDGE:

This is an appeal taken by B. B. Hall, commissioner of school-lands of Kanawha county, from an order of the Circuit Court entered in this cause on the 13th day of April, 1893, whereby the Circuit Court, being of opinion that under the act of the legislature of West Virginia passed February 23, 1893, taking effect from its passage, amending and re enacting chapter 105 of the Code, complainant can not maintain this suit, dismissed the same at the costs of complainant, but without prejudice. See chapter 24, Acts W. Va. Sess. 1893, pp. 57, 67.

Section 19, c. 24, Acts 1893, as far as necessary to be quoted, reads as follows: "All suits and proceedings for the sale of forfeited, waste and unappropriated and escheated lands instituted since the 12th day of March, 1891, shall be discontinued and dismissed except as to the lands which have been sold therein; and the other lands mentioned therein which are liable to sale for the benefit of the school fund, shall be proceeded against and sold under the provisions of this act."

The question is:—Is this a new proceeding instituted within the meaning of the act of 1893 on the 13th day of July, 1892, and therefore instituted since the 12th day of March, 1891, and to be dismissed; or is it a continuation of the proceeding against this tract of land of seven hundred and forty two acres, which was instituted by S. C. Burdette, commissioner of school-lands on the 4th day of April, 1882, and therefore not to be dismissed?

As the question turns upon the meaning and effect of

this order of April 4, 1882, I here give it in full: "At a Circuit Court held for Kanawha county at the court-house thereof, on the 4th day of April, 1882, S. C. Burdette, Commissioner of School Lands, r. 742 a. Land in Jefferson District, formerly owned by Thomas B. Swann. In Chancery. This day, the prosecuting attorney being present in court, the plaintiff tendered his report and petition in the above cause, which is ordered to be filed, and thereupon these proceedings came on to be heard on the said report and petition, and were argued by counsel; upon consideration of all which, and it appearing to the court that Thomas B. Swann, owner of the equity of redemption in the land mentioned in said report and petition, has paid to the plaintiff all taxes, damages, and interest heretofore unpaid thereon for the years 1878 and 1879, and amounting to the sum of six hundred and twenty nine dollars and ninety cents, and has also paid the costs of this proceeding: It is therefore adjudged, ordered, and decreed that the payment aforesaid operate as a release and exoneration of all former taxes on said lands for said years 1878 and 1879. It is further ordered that the plaintiff pay said sum of six hundred and twenty nine dollars and ninety cents into the treasury of the state, less 10 per cent. commissions thereon, which is hereby allowed him, and that he make report hereof as required by law.".

This proceeding was under the act of November, 18, 1873. The act of March 18, 1882, did not take effect until the expiration of ninety days after its passage, to wit: on the 17th day of June, 1882. See acts 1872-73, p 449; Acts 1882, p. 253. By the thirteenth section of chapter 134 of the act of 1873, at any time before the sale of any such land such former owner might pay into court by and with the consent of the court all costs taxes and interest due at the time; that is, such taxes as would have been charged or chargeable thereon, with interest at the rate of twelve *per cent. per annum* and the costs of the proceeding, and have an order made in the order book of such court describing the amount paid in, as well as the character of his claim to the land; and the order so made should operate as a release of all former taxes on said land, and no sale thereof should be made.

By reference to the order of April 4, 1882, as given above, it will be seen that this was done in this case. Thomas B. Swann, the former owner of the tract of land of seven hundred and forty two acres proceeded against to be sold as forfeited, paid into court the sum of six hundred and twenty nine dollars and ninety cents, being all the taxes, damages and interest theretofore unpaid thereon for the years 1878 and 1879, and also paid the costs of the proceeding. Thereupon the court adjudged, ordered and decreed, that the payment aforesaid should operate as a release and exoneration of all former taxes on said land for said years 1878 and 1879. This ended the proceeding as completely as if there had been added : "And, this cause being ended, it is ordered, that the same be omitted from the docket." It gave the whole relief contemplated, and then saw that its own decree was fully executed, all in one breath. See *Core* v. *Strickler*, 24 W. Va. 689 ; *Mower* v. *Fletcher*, 114 U. S. 127 (5 Sup. Ct. 799). What else was there to do, or what else in the nature of the case could be done ? It is hardly likely that the true amount to be paid in by the former owner is ever cast up and ascertained with critical accuracy. The law evidently contemplates that, and therefore, to avoid all pretext of again opening up what ought to be, and what it intends to be, a finality, says it shall. operate as a release, evidently meaning that, if anything which ought to have been paid has not been paid, the former owner shall be exonerated therefrom ; the land is released from forfeiture, and no sale shall be made. Whether any mistake against the state was in fact made we are not called upon to determine. It is enough now to say that the proceeding of April 4, 1882, having on that day accomplished its whole purpose was ended, and could not be made a proceeding still pending for any purpose on the 13th day of July, 1892. Therefore there was nothing upon which the proceeding of July 13, 1892, could be grafted. It was new, and must stand alone ; and having been instituted since the 12th day of March, 1891, the decree of the 13th day of April, 1893, dismissing it in pursuance of the act of February 23, 1893, was properly entered and is hereby affirmed.