# CHARLESTON.

MONROE, SPECIAL COMMISSIONER *v.* HURRY, *et als.*

Submitted June 13, 1912.   Decided October 14, 1913.

1.  JUDICIAL SALES—*Commissioner to Sell Lands—Right to Sue.*

     Without authority of the court appointing him, a special commissioner to sell land has no authority to institute and prosecute suits. Such authority must be specifically conferred, or necessarily implied from some other power specifically given by decree.  (p. 822).

2.  SAME—*Commissioner to Sell Lands—Right to Sue—Appointment—Construction.*

     A decree or order in such suit substituting a special commissioner in place of one previously appointed, and who has defaulted in the performance of his duties, with direction "to do and perform all acts, duties and matters and things in and about said causes, required by the decrees and orders therein respectively, not already done and performed by said commissioner," constitutes no authority in the substituted commissioner to institute and prosecute a suit in equity against such

former commissioner and the sureties on his official bond, where the only authority conferred on such former commissioner, after confirming his report of sale, was, out of the cash money in his hands, to pay the costs, and the residue to the parties entitled thereto, and as the purchase money notes fell due to withdraw the same from the papers, leaving certified copies, and to collect and pay over the same to the parties entitled thereto. (p. 822).

(LYNCH, JUDGE, absent).

Appeal from Circuit Court, Preston County.

Bill by Robert W. Monroe, Special Commissioner, against James H. Hurry and others. Decree for plaintiff, and certain defendants appeal.

*Reversed.*

*Wm. G. Conley,* for appellants.

*J. Ben Brady,* for appellee.

MILLER, JUDGE:

The proposition contained in the first point of the syllabus we think fully supported by *Blair* v. *Core,* 20 W. Va. 265; *Clarke* v. *Shanklin,* 24 W. Va. 30; *Crockelt* v. *Sexton,* 29 Grat. 46; *Ronk* v. *Higginbotham,* 54 W. Va. 137, 144; 8 Va. & W. Va. Enc. Dig. 700; *Anthony* v. *Kasey,* 83 Va. 338. The reason for this rule is obvious, and the principles sustaining it are fully covered in the cases cited, and need not be repeated.

The second point we think equally patent. While authority to sue the purchaser on his purchase money notes may be reasonably implied from authority to withdraw and collect the same, certainly no right to sue the former commissioner and the sureties on his bond can be deduced from that authority. Nor is there any general authority given in the language of the decree referred to from which such authority can reasonably be implied. In support of the proposition covered by this point of the syllabus it is argued that the bond of a special commissioner is required and given solely for the benefit of the parties entitled to the money distributable under the decree of the court, and that only such persons have right of action on such bonds. The authorities cited and relied on by counsel for this contention are

*Brooks* v. *Miller,* 29 W. Va. 499; *Lee* v. *Swepson,* 76 Va. 173; *Lloyd* v. *Erwin's Admr.,* 29 Grat. 598; *Hess* v. *Rader,* 26 Grat. 746, 751. This proposition we need not and do not decide. *State* v. *Abbott,* 63 W. Va. 189, can hardly be regarded as opposed, for the question was not raised or distinctly decided in that case. It will be time enough for us to decide that question when it comes to us in a case fairly presenting it.

The many other points presented and argued in the briefs do not require consideration.

Because the bill improperly impleads Dawson and Fortney, sureties on the former commissioner's bond, and the decree appealed from includes a money decree against them in favor of plaintiff, for the amount in which their principal was adjudged to be in default, that decree must be reversed, and as to them, the only parties appealing, the bill will be dismissed, but without prejudice.

*Reversed.*