SMITH HOOD, *Receiver v.* G. Z. WARNER, *et al.*

(No. 8702)

Submitted February 7, 1939. Decided February 28, 1939.

R. M. *Hiner,* for appellants.
M. S. *Hodges,* for appellees.

HATCHER, JUDGE:

Land sold in the cause of *Della Kile* v. *Ashby Warner,* was purchased by G. Z. Warner, at the price of $1,990.00. He paid $400.00 cash and executed his notes for the balance, assigning as security therefor, certain collateral to the sales commissioner. Nothing was paid on the notes, and the land was re-sold, but did not bring enough to satisfy them. The collateral was three of a series of five vendor's lien notes made by W. W. Warner. The other two notes of the series were assigned by G. Z. severally to a bank, of which C. E. Lawhead later became receiver, and to Filmore Simpson. Lawhead and Simpson brought the present suit to enforce the lien in favor of their notes, making G. Z. a defendant. The commissioner and Mrs. Kile intervened in this suit by petition, reciting the above facts as to the purchase of G. Z., and asking that by reason of the three notes he had assigned to the commissioner as collateral, they share ratably in the proceeds arising from enforcement of the vendor's lien. The petition did not allege that the sale to G. Z. was ever con-

firmed by the court or that the commissioner had authority from the court to receive or collect the collateral. These omissions would have rendered the petition questionable on demurrer, under such cases as *Blair* v. *Core*, 20 W. Va. 265; *Clarke* v. *Shanklin*, 24 W. Va. 30; and *Monroe* v. *Hurry*, 72 W. Va. 821, 79 S. E. 830; but a demurrer was not interposed. In a joint answer by Hood, receiver (successor to Lawhead), Simpson and G. Z., they admit "that the allegations of said petition as to the sale in said cause *(Kyle* v. *Warner)* to G. Z. Warner are true as are the allegations concerning the giving of the notes of W. W. Warner as collateral along with said G. Z. Warner's own notes." The answer does not deny that G. Z. failed to meet his notes but alleges that there was no rule entered against him to show cause for his failure, no steps taken to make him liable for a deficiency upon the resale, and no notice given him of the resale. The answer makes the argument that since he had not "been held liable, by any order or decree entered in said cause *(Kile* v. *Warner)*, for the difference between the sum for which he agreed to purchase the land and the sum realized on the resale * * * he is not liable for said difference." A replication to the answer was not filed, and no proof was taken. The circuit court denied relief to the petitioners, decreeing that "there was no liability upon the said G. Z. Warner for the difference between the price at which he purchased the land described in said petition and the price at which it was resold."

The contention of the answer and the holding of the circuit court are not precisely responsive to the petition, since it did not seek to recover the difference between the purchase and the resale prices. G. Z. had paid $400.00 cash on the purchase price; and the petition sought to recover only the difference between his notes for the balance and the resale price. The contention and the holding are based on the case of *Stout* v. *Philippi Mfg. & Mercantile Co.*, 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843, which prescribes both a rule to show cause and a deficiency judgment against "the purchaser." That pro-

cedure is designed to impose liability on the bidder at a judicial sale who has made no compliance whatever with the terms of the sale. The procedure is not exclusive, however, even against such a bidder, despite the "must" in reference thereto in the syllabus of *Stout* v. *Philippi,* as will appear from pages 347-8 of the opinion (also 16 R. C. L., Judicial Sales, secs. 118, 119); much less is it exclusive against a purchaser, like G. Z., who, after complying with the terms of the sale and giving notes with security, fails to pay them. See generally, note, 69 Am. Dec. 368; *Blair* v. *Core,* 29 W. Va. 477, 2 S. E. 326 (where suit on the purchaser's bonds was not preceded by a deficiency judgment.) The very object of taking security from G. Z. was to have a source for collection other than him. A broader field of action was thus afforded the court than against a mere bidder who had given no security, as in *Stout* v. *Philippi.* In a contract between G. Z. and a private vendor, the latter could have enforced payment of the collateral notes without first obtaining a judgment against the former. *Bank* v. *Parsons,* 90 W. Va. 51, 110 S. E. 491; 49 C. J., Pledges, section 290. The court is regarded as the vendor at a judicial sale. *Stout* v. *Philippi,* on page 348 of 41 W. Va. The power of the court as such vendor is assuredly no less than that of a person acting in his own behalf. *Bank* v. *Duca,* 98 Conn. 147, 118 Atl. 820. On this subject, the following expression of the Supreme Court of Maryland has been generally accepted: "When the term of credit has expired, and the purchase money is actually due and demandable, it would seem necessarily to follow that the payment may be enforced as in all other cases—by any form of legal or equitable proceeding by which compliance with such a contract might be enforced. "*Anderson* v. *Foulke,* 2 H. and G. (Md.) 346, 366. Therefore, the court could rightly cause the collateral notes to be collected in an independent suit irrespective of a deficiency judgment against G. Z. *Clarkson* v. *Read,* 15 Gratt. 288, 295-6, 56 Va. 288. Furthermore, an exhibit filed in this cause indicates strongly that G. Z. was insolvent. If so, and a deficiency judgment

against him would have been unproductive, no beneficial result would have arisen from taking one. Chancery practice does not bind the court to circuity of action. *Richardson* v. *Jones*, 3 G. and J. (Md.), 163, 186, 22 Am. Dec. 293.

After a purchaser fails to make the payments due on a completed judicial sale, service of a rule on him to show cause why the land should not be resold is ordinarily sufficient to make him personally liable for a deficit resulting on the resale. *Clarkson* v. *Read, supra; Glenn* v. *Blackford,* 23 W. Va. 182, 186. There are decisions holding that without the rule the purchaser is released. But those decisions, so far as we have found, relate to uncompleted sales and not to a balance due under a consummated sale, as in the instant case. The answer herein of G. Z. and his associates, refers to a petition of the commissioner filed in the *Kile* v. *Warner* cause, asking the court's permission to resell the land. And though the answer avers that no rule was issued against G. Z. and that he had no notice of the resale, it does not aver that he knew nothing of the petition or of the intention to secure an order of resale. In *Thornton* v. *Fairfax,* 29 Gratt. 669, 70 Va. 669, while the court recognized the practice of serving a rule upon the purchaser before a resale, it was held (in effect) that the purpose of a rule was merely to give him notice of the imminent proceeding, and if he had notice in some other manner, there was no need for a rule. So, if G. Z. knew of the petition for resale, or had other information which should have put him on notice that the resale was intended, the non-issuance of the rule would have no significance.

Because the procedure applicable to collection of purchase money due on judicial sales varies with the circumstances of a case; because here, material facts were not disclosed; and because the procedure permissible was not considered by the circuit court, the decree is reversed and the cause remanded for further development.

*Reversed and remanded.*